Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants
Jeff Brown and Kevin Brown*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, LIYUAN WOO, and MICHAEL MONAHAN,<br><br>Defendants. | Case No. 2:23-cv-09733-SPG-MAA<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF JEFF BROWN AND KEVIN BROWN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CO-LEAD COUNSEL** |

Jeff Brown and Kevin Brown (the "Browns")[1] submit this memorandum of law in support of their motion to appoint the Browns as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") and Holzer & Holzer, LLC ("Holzer") as Co-Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired The Beauty Health Company ("Beauty Health" or the "Company") securities between May 10, 2022 and November 13, 2023, inclusive (the "Class Period").

## I.      PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the movant or movant group with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that the Browns are the "most adequate plaintiff" as defined by the PSLRA.

The Browns have "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, the Browns satisfy the relevant requirements of Rule 23, as their claims are typical of other Class members' claims, and they are committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, the Browns respectfully submit that they are the presumptively most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, the Browns' selection of GPM and Holzer

---

[1] The Browns are brothers.

as Co-Lead Counsel for the Class should be approved because the firms have substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.     FACTUAL BACKGROUND

Beauty Health provides "skin health experiences." Its flagship brand is Hydrafacial. Hydrafacial's leading product is Syndeo, a data-connected hydradermabrasion machine, which launched in the United States in March 2022.

On August 9, 2023, before the market opened, Beauty Health announced that second quarter 2023 gross margin was "unfavorably impacted" by a mix shift "toward lower-margin refurbished devices . . . as U.S. providers awaited Syndeo enhancements in the third quarter 2023 to improve user experience." The Company also announced the "involuntary separation without cause" of Chief Financial Officer ("CFO") Defendant Liyuan Woo ("Woo"). On this news, the Company's shares fell $0.41, or 5.4%, to close at $7.12 per share on August 9, 2023, on unusually heavy trading volume.

Then, on November 13, 2023, after the market closed, Beauty Health announced its financial results for the third quarter of 2023. The Company disclosed that "[t]he quarter was overshadowed by lower-than-expected U.S. revenue and $63.1 million in restructuring charges related to device upgrades of early generation Syndeo devices." As a result, "the Company is revising its fiscal year 2023 net sales guidance to a range of $385 to $400 million, its fiscal year adjusted EBITDA margin guidance to a range of 5% to 6% and is suspending its long-term 2025 financial outlook." The Company further disclosed that Andrew Stanleick ("Stanleick") would depart the Company as President & Chief Executive Officer ("CEO") and relinquish his Board seat, effective November 19, 2023. On this news, the Company's share price fell $2.51, or 64.36%, to close at $1.39 per share on November 14, 2023, on unusually heavy trading volume.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaint alleges that the Defendants failed to disclose to investors: (1) that Syndeo 1.0 and 2.0 devices had issues leading to "frequent treatment interruptions;" (2) that, as a result, the Company incurred significant costs to develop enhancements; (3) that, despite the enhancements, providers continued to experience issues with the Syndeo devices; (4) that, as a result, the Company would no longer market Syndeo 1.0 and 2.0 devices and incur significant inventory writedowns; (5) that, as a result, the Company's profitability would be adversely impacted; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered losses and damages.

## III.  ARGUMENT

### A.    The Browns Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable

of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, the Browns have complied with all the PSLRA's requirements and satisfy all of the PSLRA criteria to be appointed lead plaintiff. The Browns, to the best of their knowledge, have the largest financial interest in this litigation, satisfy the relevant requirements of Rule 23, and are not aware of any unique defenses Defendants could raise against them that would render them inadequate to represent the Class. Accordingly, the Browns respectfully submit that they should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff.").

### 1.     The Browns Filed A Timely Motion

On November 16, 2023, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of Jeff Brown and Kevin Brown for Appointment as Lead Plaintiff and Approval of Co-Lead Counsel ("Linehan Decl."), Ex. A. Therefore, the Browns had sixty days (*i.e.*, until January 16, 2024), to file a motion to be appointed as lead plaintiff. As purchasers of Beauty Health securities during the Class Period, the Browns are members of the proposed class and have timely filed a motion for

appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in their PSLRA certification, the Browns attest that they have reviewed the complaint, adopt the allegations therein, and are willing to serve as representatives of the Class. *See* Linehan Decl., Ex. B. Accordingly, the Browns satisfy the first requirement to serve as lead plaintiff for the Class.

### 2. The Browns Have The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, the Browns believe that they have the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly are presumed to be the "most adequate plaintiff."

The Browns purchased Beauty Health securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $356,018.82. *See* Linehan Decl., Ex. C. To the best of their knowledge, the Browns are not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, the Browns believe they have the "largest financial interest in the relief sought by the class," and thus satisfy the second PSLRA requirement to be appointed as lead plaintiff for the Class.

### 3. The Browns Satisfy The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation,

the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.").

### a)    The Browns' Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the

same legal theory. *See Osher*, 2001 WL 861694, at \*4. Under Rule 23, a lead plaintiff's "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, the Browns' claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Browns suffered losses as a result of their Beauty Health transactions during the Class Period. Like all members of the Class, the Browns allege that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Beauty Health's operations and financial prospects. The Browns' losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Beauty Health's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, the Browns' interests and claims are typical of the interests and claims of the Class.

### b) The Browns Are Adequate Representatives

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, the Browns satisfy the adequacy requirements. "[N]o evidence exists to suggest that [the Browns are] antagonistic to other members of the class or [their] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v.*

*Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). The Browns are both in their 60s and reside in Katy, Texas. Both men have Master in Business Administration degrees, and each has been investing for over 40 years. Moreover, the Browns have retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Exs. D & E (firm résumés). As such, the Browns are adequate to represent the Class and should be appointed as lead plaintiff.

**B.      The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at \*7. Here, the Browns have retained GPM and Holzer to pursue this litigation on their behalf and will retain the firms as co-lead counsel in the event the Browns are appointed as lead plaintiff. As reflected by the firms' respective résumés, attached to the Linehan Declaration as Exhibits D and E, the Court may be assured that, by granting the Browns' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Browns' selection of counsel.

**IV.     CONCLUSION**

For the foregoing reasons, the Browns respectfully request that the Court grant their Motion and enter an Order: (1) appointing the Browns as Lead Plaintiff; (2) approving GPM and Holzer as Co-Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated:  January 16, 2024

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**
By:   */s Charles H. Linehan*
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer (*pro hac vice forthcoming*)
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Lead Plaintiff Movants Jeff Brown and Kevin Brown and Proposed Co-Lead Counsel for the Class*

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Jeff Brown and Kevin Brown, certifies that this brief contains 2,446 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 16, 2024                    *s/ Charles H. Linehan*
                                           Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 16, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 16, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan