POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Joseph Jou and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, LIYUAN WOO, and MICHAEL MONAHAN, <br><br> Defendants. | Case No. LA CV 23-09733-SPG(-MAAx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF JOSEPH JOU FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** <br><br> DATE:  February 21, 2024 <br> TIME:  1:30 p.m. <br> JUDGE:  Sherilyn Peace Garnett <br> CTRM:  5C |

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ...............................................................................1

II.   STATEMENT OF FACTS ....................................................................................2

III.  ARGUMENT ........................................................................................................5

    A.    JOU SHOULD BE APPOINTED LEAD PLAINTIFF ...............................5

        1.    Jou Is Willing to Serve as Class Representative.......................................6

        2.    Jou Has the "Largest Financial Interest" .................................................6

        3.    Jou Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure .................................................................8

        4.    Jou Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses ........................................11

    B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ...................................................................................................11

IV.   CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Hanon v. Dataproducts Corp.*,
    976 F.2d 497 (9th Cir. 1992) ...................................................................................9

*Hessefort v. Super Micro Comput., Inc.*,
    317 F. Supp. 3d 1056 (N.D. Cal. 2018) .................................................................8

*In re Comverse Technology, Inc. Securities Litigation*,
    No. 1:06-cv-01825 (E.D.N.Y.) ............................................................................12

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.).................................................................................12

*In re Solar City Corp. Sec. Litig.*,
    No. 16-CV-04686-LHK, 2017 WL 363274 (N.D. Cal. Jan. 25, 2017).......................8

*Knox v. Yingli Green Energy Holding Co.*,
    136 F. Supp. 3d 1159 (C.D. Cal. 2015) .................................................................7

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) ............................................7

*Richardson v. TVIA, Inc.*,
    No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) .......................9

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) .................................................................................10

**Statutes**

15 U.S.C. § 78u-4.................................................................................................*passim*

Private Securities Litigation Reform Act of 1995 ......................................................*passim*

Securities Exchange Act of 1934...............................................................................1, 9

**Rules**

Fed. R. Civ. P. 23 .................................................................................................*passim*

Movant Joseph Jou ("Jou") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Jou as Lead Plaintiff on behalf of a class (the "Class") consisting of persons and entities that purchased or otherwise acquired The Beauty Health Company ("Beauty Health" or the "Company") securities between May 10, 2022 and November 13, 2023, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## I.    PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that the above-captioned defendants ("Defendants") defrauded investors in violation of the Exchange Act.  Beauty Health investors, including Jou, incurred significant losses following the disclosures of the alleged fraud, which caused the prices of Beauty Health securities to fall sharply, damaging Jou and other Beauty Health investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  During the Class Period, Jou purchased 1,000 Beauty Health shares,

expended $14,050 on these purchases, retained 1,000 of his Beauty Health shares, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $11,288. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Exhibit ("Ex.") A at *2. Accordingly, Jou believes that he has the largest financial interest in the relief sought in the Action. Beyond his considerable financial interest, Jou also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Jou has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Jou respectfully requests that the Court enter an Order appointing Jou as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

## II.    STATEMENT OF FACTS

Beauty Health is a health and beauty company which provides "skin health experiences." Complaint at 1 ¶ 2. Its flagship brand is Hydrafacial™ through which the Company provides goods and services related to hydradermabrasion, a dermatological procedure involving a mechanical exfoliation and infusion of facial serums. *Id.*

Hydrafacial's leading product is Syndeo, a data-connected hydradermabrasion machine, which launched in the United States in March 2022. *Id.*

On August 9, 2023, before the market opened, Beauty Health announced that second quarter 2023 gross margin was "unfavorably impacted" by a mix shift "toward lower-margin refurbished devices . . . as U.S. providers awaited Syndeo enhancements in the third quarter 2023 to improve user experience." *Id.* ¶ 3. The Company also announced the "involuntary separation without cause" of Chief Financial Officer Defendant Liyuan Woo. *Id.*

On this news, the Company's shares fell $0.41, or 5.4%, to close at $7.12 per share on August 9, 2023, on unusually heavy trading volume. *Id.* at 2 ¶ 4.

Then, on November 13, 2023, after the market closed, Beauty Health announced its financial results for the third quarter of 2023. *Id.* ¶ 5. The Company disclosed that "[t]he quarter was overshadowed by lower-than-expected U.S. revenue and $63.1 million in restructuring charges related to device upgrades of early generation Syndeo devices." *Id.* As a result, "the Company is revising its fiscal year 2023 net sales guidance to a range of $385 to $400 million, its fiscal year adjusted EBITDA margin guidance to a range of 5% to 6% and is suspending its long-term 2025 financial outlook." *Id.* The Company further disclosed that Andrew Stanleick would depart the Company as President and Chief Executive Officer and relinquish his Board seat, effective November 19, 2023. *Id.*

On this news, the Company's share price fell $2.51, or 64.36%, to close at $1.39 per share on November 14, 2023, on unusually heavy trading volume. *Id.* ¶ 6.

Throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. *Id.* ¶ 7. Specifically, Defendants failed to disclose to investors: (1) that Syndeo 1.0 and 2.0 devices had issues leading to "frequent treatment interruptions;" (2) that, as a result, the Company incurred significant costs to develop enhancements; (3) that, despite the enhancements, providers continued to experience issues with the Syndeo devices; (4) that, as a result, the Company would no longer market Syndeo 1.0 and 2.0 devices and incur significant inventory writedowns; (5) that, as a result, the Company's profitability would be adversely impacted; and (6) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.*

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* at 3 ¶ 8.

## III.   ARGUMENT

### A.   JOU SHOULD BE APPOINTED LEAD PLAINTIFF

Jou should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Jou satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Jou Is Willing to Serve as Class Representative

On November 16, 2023, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published via *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action lawsuit had been filed against Beauty Health and other defendants, and which advised investors in Beauty Health securities that they had 60 days from the date of the Notice's publication— *i.e.*, until January 16, 2024—to file a motion to be appointed as lead plaintiff. *See* Pafiti Decl., Ex. B at *2.

Jou has filed the instant motion pursuant to the Notice and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C at *2-3. Accordingly, Jou satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Jou Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . in the determination of the court, has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-

4(a)(3)(B)(iii).  To the best of his knowledge, Jou has the largest financial interest of any Beauty Health investor or investor group seeking to serve as Lead Plaintiff based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997).  In accord with courts nationwide, these so-called *Lax* factors have been adopted by courts in the Ninth Circuit, including in this District.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)).  Of the *Lax* factors, courts in this Circuit tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See id.*

During the Class Period, Jou: (1) purchased 1,000 Beauty Health shares; (2) expended $14,050 on his transactions in Beauty Health securities; (3) retained 1,000 of his Beauty Health shares; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $11,288 in connection with his Class Period transactions in Beauty Health securities.  *See* Pafiti Decl., Ex. A at *2.  To the extent that

Jou possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Jou Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Jou's claims are typical of those of the Class. Jou alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Beauty Health, or by omitting to state material facts necessary to make the statements they did make not misleading. Jou, like other Class members, purchased Beauty Health securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Beauty Health's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the

representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Jou is an adequate representative for the Class. Here, Jou has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. C at *2-3. There is no evidence of antagonism or conflict between Jou's interests and those of the Class, and Jou's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute the claims in this Action on behalf of the Class. Moreover, Jou has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition to Pomerantz, Jou is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this litigation.

Further demonstrating his adequacy, Jou has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. D at 1-4 ¶¶ 1-7, 9-11.

**4.    Jou Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses**

The presumption in favor of appointing Jou as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Jou's ability and desire to fairly and adequately represent the Class has been discussed above.  Jou is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Jou should be appointed Lead Plaintiff for the Class.

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should interfere with a Lead Plaintiff's selection only when necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001) ("A court may reject the lead plaintiff's choice only if it is necessary to protect the interests of the class.").

Here, Jou has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Pafiti Decl., Ex. E at 1-11. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* at 1. As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* at 2. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* at 1-11. More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* at 2-3.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Jou's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute the Action effectively and expeditiously. Thus, the Court may be assured that by approving Jou's selection of

Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

**IV.    CONCLUSION**

For the foregoing reasons, Jou respectfully requests that the Court issue an Order: (1) appointing Jou as Lead Plaintiff for the Class; and (2) approving Pomerantz as Lead Counsel for the Class.

Dated:  January 16, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movant Joseph Jou and*
*Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ &
GROSSMAN, LLC
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movant Joseph Jou*

CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

<u>CERTIFICATE OF WORD COUNT</u>

The undersigned, counsel of record for Joseph Jou, certifies that this brief contains 3,084 words, which complies with the word limit of L.R. 11-6.1.

Executed on January 16, 2024.

*/s/ Jennifer Pafiti*
Jennifer Pafiti