Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movants*
*Jeff Brown and Kevin Brown*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, LIYUAN WOO, and MICHAEL MONAHAN, <br><br> Defendants. | Case No. 2:23-cv-09733-SPG-MAA <br><br> **JEFF BROWN AND KEVIN BROWN'S MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL** |

Lead Plaintiff Movants Jeff Brown and Kevin Brown (the "Browns") submit this memorandum of law in opposition to the two competing motions for appointment as lead plaintiff and approval of lead counsel filed by other purported class members (Dkt. Nos. 14, 19).

## I.   INTRODUCTION

Three movants filed competing motions for appointment as lead plaintiff and approval of lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"): the Browns (Dkt. No. 16); Priscilla Dijkgraaf and Martijn Dijkgraaf (the "Dijkgraafs") (Dkt. No. 14); and Joseph Jou ("Jou") (Dkt. No. 19). However, Jou effectively abandoned his motion by filing a notice informing the Court that he does not oppose the competing motions on the basis that he "does not have the 'largest financial interest.'" *See* Dkt. No. 23.

The PSLRA directs the Court to appoint the "most adequate plaintiff" as lead plaintiff—*i.e.*, the movant or group "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA further provides a rebuttable presumption that the most adequate plaintiff is the plaintiff or movant that, *inter alia*, has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only by a showing that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As demonstrated in the Browns' memorandum of law in support of their lead plaintiff motion (Dkt. No. 17), the Browns have the largest financial interest in the relief sought by the class. The Browns' financial interest, as measured by their last in, first out ("LIFO") loss is $356,018.82. *See* Dkt. No. 18-3. As such, the Browns are the presumptively "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Since the Browns are the presumptively most adequate plaintiff, and the presumption has not been rebutted, the Browns should be appointed as lead plaintiff, and their selection of lead counsel should be approved.[1]

## II.   THE BROWNS ARE THE PRESUMPTIVELY MOST ADEQUATE PLAINTIFF BECAUSE THEY HAVE THE LARGEST FINANCIAL INTEREST

The Browns satisfy all three requirements to be the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). First, the Browns filed a timely motion for appointment as lead plaintiff. *See* Dkt. No. 16; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Second, the Browns satisfy the requirements of Rule 23, as demonstrated in their memorandum of law in support of their lead plaintiff motion. *See* Dkt. No. 17 at 6-9; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Finally, as explained *infra*, the Browns have the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Since the PSLRA does not mandate any particular method for determining which movant has the largest financial interest in the relief sought by the class, district courts are free to choose any method that is "both rational and consistently applied." *See In re Cavanaugh*, 306 F.3d 726, 730 n.4 (9th Cir. 2002). Courts in this Circuit, however, generally rely on the four-factor *Olsten-Lax* test to determine financial interest, which weighs: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *See Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015). Approximate losses is the "most determinative" factor. *See id.* To calculate losses suffered courts in the Ninth Circuit typically use the last in, first out (LIFO) method. *See Waterford Twp. Police v. Mattel, Inc.*, No. 17-cv-04732, 2017 WL 10667732, at *5 (C.D. Cal. Sept. 29, 2017); *see also Nicolow v. Hewlett Packard Co.*,

---

[1] "The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

No. 12-cv-05980-CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (the "weight of authority" uses the LIFO method).

Here, the Browns have a larger financial interest than the Dijkgraafs as measured by every *Olsten-Lax* factor: [2]

| Movant | Gross Shares Purchased | Net Shares Purchased | Net Expenditure | LIFO Loss |
|---|---|---|---|---|
| The Browns | 1,664,438 | 329,350 | $1,266,782.72 | $356,018.82 |
| *Jeff Brown* | *1,586,638* | *261,050* | *$948,260.29* | *$222,481.48* |
| *Kevin Brown* | *77,800* | *68,300* | *$318,522.43* | *$133,537.34* |
| The Dijkgraafs | 24,987 | 16,674 | $124,327.72 | $78,279.01 |
| *Martijn Dijkgraaf* | *7,533* | *6,674* | *$43,573.17* | *$25,141.53* |
| *Priscilla Dijkgraaf* | *17,454* | *10,000* | *$80,754.55* | *$53,137.48* |

As such, the Browns have the largest financial interest in the relief sought by the class. Since the Browns also satisfy the requirements of Rule 23, and filed a timely motion, the Browns are the presumptively most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

## III.  THE PRESUMPTION THAT THE BROWNS ARE THE MOST ADEQUATE PLAINTIFF HAS NOT BEEN REBUTTED

The lead plaintiff presumption may be rebutted only upon "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class," or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No proof has been presented that the Browns would be inadequate or subject to unique defenses. The Browns are not aware of any possible basis for such a contention. In fact, the Browns are ideal lead plaintiff candidates as they both have a Master in Business Administration degree, and each has been investing for more than 40 years. As such, the Browns should be appointed as lead plaintiff, and no other movant is entitled to consideration. *See Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff

---

[2] The values in the chart are derived from the movants' loss charts submitted with their lead plaintiff motions.

with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status.").

## IV. THE LEAD PLAINTIFF'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). *See also Cavanaugh*, 306 F.3d at 732 n.11 ("Congress gave the lead plaintiff . . . the power to select a lawyer for the class.").

Here, the Browns have selected Glancy Prongay & Murray LLP and Holzer & Holzer, LLC to be co-lead counsel. The firms have the expertise, resources, and experience needed to efficiently and effectively conduct this litigation. *See* Dkt. Nos. 18-4, 18-5 (firm résumés). By approving the Browns' selection of counsel, the Court will ensure that the class will receive the highest caliber of legal representation. Accordingly, the Browns' selection of lead counsel for the class should be approved.

## V. CONCLUSION

For the foregoing reasons, the Browns respectfully request that the Court enter an Order: (1) appointing the Browns as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP and Holzer & Holzer, LLC as Co-Lead Counsel for the class; (3) denying the competing motions; and (4) granting such other and further relief as the Court may deem just and proper.

Dated:  January 31, 2024

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By:  */s/ Charles H. Linehan*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email:  clinehan@glancylaw.com

**HOLZER & HOLZER, LLC**
Corey D. Holzer (*pro hac vice forthcoming*)
211 Perimeter Center Parkway, Suite 1010
Atlanta, Georgia 30346
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

*Counsel for Lead Plaintiff Movants Jeff Brown and Kevin Brown and Proposed Co-Lead Counsel for the Class*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Jeff Brown and Kevin Brown, certifies that this brief contains 1,156 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 31, 2024                    *s/ Charles H. Linehan*
                                           Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On January 31, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 31, 2024, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan