REED SMITH LLP
A limited liability partnership formed in the State of Delaware

James L. Sanders (SBN 126291)
Email: jsanders@reedsmith.com
Charles P. Hyun (SBN 307817)
Email: chyun@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067
Telephone:   (213) 734-5200
Facsimile:    (213) 734-5299

John C. Scalzo (*pro hac vice*)
Email: jscalzo@reedsmith.com
Zachary B. Kaye (*pro hac vice*)
Email: zkaye@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Brian M. Rostocki (*pro hac vice*)
Email: brostocki@reedsmith.com
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, and LIYUAN WOO,<br><br>Defendants. | Case No.:   2:23-cv-09733-SPG-MAA<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Sherilyn Peace Garnett<br>Date: January 15, 2024<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants The Beauty Health Company ("BHC"), Andrew Stanleick ("Stanleick"), and Liyuan Woo ("Woo") (collectively, "Defendants") submit this reply in support of Defendants' request for judicial notice (the "Request") with respect to fourteen exhibits submitted in connection with Defendants' Motion to Dismiss (the "Motion") Consolidated Amended Class Action Complaint (the "Complaint") and attached to the Declaration of Charles P. Hyun (each, an "Exhibit" and, collectively, the "Exhibits").

## ARGUMENT

As set forth in the Request, all of the Exhibits are either incorporated by reference into the Complaint or otherwise properly subject to judicial notice because they are publicly available documents (including SEC filings), the accuracy of which cannot reasonably be questioned. In their opposition to the Request (the "Opposition"), Plaintiffs: (i) concede that five of the Exhibits (Exs. 4–6, 10, 13) are "referred to in the. . . Complaint and form the basis of Plaintiffs' claims," and (ii) do not contest the authenticity or public availability of the Exhibits. Dkt. 47 ("Opp.") at 1. Plaintiffs nevertheless ask this Court to deny the Request in its entirety, including with respect to the SEC filings that give rise the claims asserted in the Complaint. The arguments advanced in the Opposition are inapposite and the Request should be granted.

### A.    Defendants' Reliance On Documents Incorporate By Reference Is Proper

Plaintiffs' argument that Defendants improperly rely on documents incorporated by reference (Exs. 4–6, 10, 13) "to undermine … well-pled factual allegations" misses the mark. Opp. at 2. Documents incorporated by reference into a complaint can be subject to judicial notice regardless of whether they weaken a plaintiff's theory of fraud, *see* Opp. at 2, and such incorporation does not run afoul of the Ninth Circuit's caution

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

to not "overuse and improper[ly] appl[y] . . . judicial notice and the incorporation-by-reference doctrine." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

On the contrary, the very purpose of the incorporation-by-reference doctrine is to prevent overreaching plaintiffs from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims." *Khoja*, 899 F.3d at 1002. Here, for example, Plaintiffs omit reference to cautionary language contained in BHC's March 1, 2022 Form 10-K. Memorandum of Points and Authorities in Support of Motion to Dismiss, Dkt. 45 ("Mot.") at 4 (quoting Ex. 4 at 16, 38). That cautionary language weakens Plaintiffs' overall theory that BHC failed to make adequate disclosures regarding Syndeo and BHC's remediation efforts. But the mere fact that this language weakens Plaintiffs' theory does not mean that it "contradict[s] … well-plead allegations." Opp. at 1. Defendants also properly rely on the September 15, 2022 investor day transcript (Ex. 5) to clarify that Plaintiffs' erroneously indicated that certain statements made by Benjamin Baum were made by Stanleick (despite correctly attributing these statements to Baum later in the Complaint). Mot. at 7 n.6 (noting Plaintiffs' inconsistent attribution); *see* Compl. ¶ 130 (attributing statements to Stanleick); Compl. ¶ 250 (attributing same statements to Baum); Ex. 5 at 185 (quoting statements by Baum).

As the Ninth Circuit has held, it is also generally appropriate to "assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). "[C]onsistent with the prohibition against resolving factual disputes at the pleading stage," none of the Exhibits are proffered to generate or resolve any factual disputes. *Khoja*, 899 F.3d at 1003. Nor do Defendants ask this Court to "accept their subjective interpretation of the contents of certain Exhibits." Opp. at 2.

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT

With respect to the exhibits incorporated by reference, Defendants only ask this Court to take notice of specific information that was disclosed to investors (a further point undisputed by Plaintiffs), along with who disclosed this information. *See, e.g.*, *Ferreira v. Funko Inc.*, 2021 WL 880400, at \*8 (C.D. Cal. Feb. 25, 2021) ("The Court takes judicial notice of Exhibit 20, the transcript of Funko's August 8, 2019 earnings call for the second quarter of 2019. This document is quoted in the CAC, there is no dispute as to its authenticity, and there is no dispute as to its relevance."). That Defendants rely on specific disclosures to advance arguments in support of the Motion does not mean that Defendants are offering a "subjective" and "self-serving interpretation" of these disclosures. Opp. at 1–2; *cf. Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 942 n.1 (9th Cir. 2008) (refusing to consider disability benefits plan incorporated by reference into complaint to establish truth of plan's contents because parties disputed whether plan was implemented in accordance with its terms).

**B.    The Exhibits Are Not Offered For Improper Purposes**

Unable to dispute the veracity of the Exhibits, Plaintiffs incorrectly assert that certain Exhibits are offered for "improper purposes." They argue that the "SEC Form 4s … [are improperly used] to support [Defendants'] counter-narrative that Stanleick and Woo 'believed that [BeautyHealth's] remediation efforts would succeed, or already were successful, therefore they retained their shares." Opp. at 4. Tellingly, Plaintiffs ignore that: (i) this "counter-narrative" finds support in the Complaint itself, *see, e.g.*, Compl. ¶ 107 (noting that Syndeo 2.0 was "treated as a success" for months because it initially "corrected the clogging issue"); and (ii) the Ninth Circuit has acknowledged that defendants' decision not to sell stock—as evinced by SEC Forms 4 that are judicially noticed—can undermine an inference of scienter, *see In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 884–85 (9th Cir. 2012) ("[B]ecause none of the defendants sold stock . . . during which they would have benefitted from any allegedly fraudulent statements, the value of the stock and stock options does not support an

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

inference of scienter"). Even if this Court were inclined to accept Plaintiffs' arguments on this issue, they do not warrant a wholesale denial of the Request as to the Forms 4. *See Patel v. Parnes*, 253, F.R.D. 531, 546 (C.D. Cal. 2008) (taking judicial notice of "Forms 4 filed with the SEC, but only to the extent defendants ask that it judicially notice the content of the documents and the fact of their filing").

Plaintiffs also cannot dispute that Exhibit 14—an excerpt from a chart reflecting publicly available data (including the closing price and trading volume) related to the Company's common stock—is a proper subject for judicial notice. *See* Opp. at 4. Instead, Plaintiffs assert that it would be premature for this court to rule on the issue of loss causation. *Id.* But this (incorrect) argument has no bearing on whether Exhibit 14 is properly subject to judicial notice. It is well-established that a company's historical stock prices are subject to judicial notice because such information is readily ascertainable and not reasonably subject to dispute. *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publically traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("[A] court may take judicial notice of a company's published stock prices.").

### C.    Defendants Have Laid Proper Foundation

Plaintiffs also erroneously accuse Defendants of failing to lay a proper foundation for the Request. Opp. at 5. Defendants adequately articulated why each of the Exhibits is properly subject to judicial notice. *See* Request for Judicial Notice ("Req.") at 4–6. Plaintiffs have not identified any binding authority to support their suggestion that Defendants were obligated to identify the relevant excerpts of each Exhibit, along with the purposes for which each excerpt is offered, *see* Opp. at 5.

For the avoidance of doubt, Defendants are only offering the Exhibits for the purpose of determining "what statements the documents contain." *Troy Grp., Inc. v.*

– 4 –

*Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also Baron v. HyreCar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2020) (taking judicial notice of Form 10-Q and investor call transcript for purposes of establishing what company disclosed to the market). As the wealth of authority cited in the Request for Judicial Notice and herein confirm, that is entirely proper.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1–14.

Dated: December 23, 2024           Respectfully submitted,


**REED SMITH**


By: */s/ James L. Sanders*
James L. Sanders (SBN 126291)
Charles P. Hyun (SBN 307817)
John C. Scalzo (*pro hac vice*)
Brian M. Rostocki (*pro hac vice*)
Zachary B. Kaye (*pro hac vice*)

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –
REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT