James L. Sanders (SBN 126291)
Email: jsanders@reedsmith.com
Charles P. Hyun (SBN 307817)
Email: chyun@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067
Telephone:   (213) 734-5200
Facsimile:    (213) 734-5299

John C. Scalzo (*pro hac vice*)
Email: jscalzo@reedsmith.com
Zachary B. Kaye (*pro hac vice*)
zkaye@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Brian M. Rostocki (*pro hac vice*)
Email: brostocki@reedsmith.com
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, and LIYUAN WOO,<br><br>Defendants. | Case No.:   2:23-cv-09733-SPG-MAA<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' DEFENDANTS' MOTION TO DISMISS THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Sherilyn Peace Garnett<br>Date: September 17, 2025<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201 and the incorporation by reference doctrine, Defendants The Beauty Health Company ("BHC"), Andrew Stanleick ("Stanleick"), and Liyuan Woo ("Woo") (collectively, "Defendants") respectfully request that the Court consider sixteen documents submitted in connection with Defendants' Motion to Dismiss the Consolidated Second Amended Class Action Complaint (the "Motion") and attached to the Declaration of Zachary B. Kaye. These documents are properly subject to judicial notice, incorporated by reference into the Second Amended Class Action Complaint ("Complaint"), or both. Specifically, Defendants respectfully request the Court consider the following documents:

- **Exhibit 1**: a true and correct copy of a Form 4 which was filed on behalf of Woo with the Securities and Exchange Commission ("SEC") on May 21, 2021 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 2**: a true and correct copy of a Form 4 which was filed on behalf of Woo with the SEC on February 8, 2022 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 3**: a true and correct copy of a Form 4 which was filed on behalf of Stanleick with the SEC on February 9, 2022 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 4:** a true and correct copy of a Form 10-K which BHC filed with the SEC on March 1, 2022 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 5**: a true and correct copy of a transcript of an Investor Day meeting with analysts which was hosted by Beauty Health on September 15, 2022.

- **Exhibit 6**: a true and correct copy of a press release issued by BHC in conjunction with its announcement of its Q4 2022 and FY 2022 financial

– 2 –

results, which was filed as Exhibit 99.1 to a Form 8-K filed by BHC with the SEC on February 28, 2023, and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 7**: a true and correct copy of a Form 4 which was filed on behalf of Stanleick with the SEC on March 6, 2023 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 8**: a true and correct copy of a Form 4 which was filed on behalf of Woo with the SEC on March 6, 2023 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 9**: a true and correct copy of a Form 4 which was filed on behalf of Stanleick with the SEC on April 6, 2023 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 10**: a true and correct copy of a press release issued by BHC in conjunction with its announcement of its Q1 2023 financial results, which was filed as Exhibit 99.1 to a Form 8-K filed by BHC with the SEC on May 10, 2023, and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 11**: a true and correct copy of a Form 4 which was filed on behalf of Woo with the SEC on August 11, 2023 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 12**: a true and correct copy of a Form 4 which was filed on behalf of Stanleick with the SEC on August 17, 2023 and is publicly available at https://www.sec.gov/edgar/search.

- **Exhibit 13**: a true and correct copy of a press release issued by BHC in conjunction with its announcement of its Q3 2023 financial results, which was filed as Exhibit 99.1 to a Form 8-K filed by BHC with the SEC on November 13, 2023, and is publicly available at https://www.sec.gov/edgar/search.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

- **Exhibit 14**: an excerpt from a chart reflecting data (including the closing price and trading volume) related to BHC's common stock (NASDAQ: SKIN), which was obtained from Yahoo! Finance, and is publicly available at https://finance.yahoo.com/quote/SKIN.

- **Exhibit 15:** a true and correct copy of a Cannaccord Genuity analyst report entitled, "We see accelerating growth opportunities for SKIN," published on September 15, 2022.

- **Exhibit 16:** a true and correct copy of a Cannaccord Genuity analyst report entitled, "Syndeo US headwinds getting under BeautyHealth's SKIN amidst strong OUS growth," published on August 9, 2023.

## LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted); *see also Patel v. Parnes*, 253 F.R.D. 531, 545-50 (C.D. Cal. 2008) (considering on a motion to dismiss documents plaintiff stockholders referenced and relied on in the complaint).

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss. . . ." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *Crews v. Rivian Auto., Inc.*, 2023 WL 3050081, at *8 (C.D. Cal. Feb. 16, 2023) ("incorporation by reference applies to such documents, so that plaintiffs may not cherry-pick portions of documents that support their claims while ignoring other portions of the same documents that undermine their claims" (citation omitted)).  This

– 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

prevents plaintiffs from "selecting only portions of documents that support their claims, while omitting portions" that do not. *Khoja*, 899 F.3d at 1002. A document is therefore incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (citation and internal quotations omitted); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference applies to "situations in which the plaintiff's claim depends on the contents of a document. . . even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Resh v. China Agritech, Inc.*, 2017 WL 11715193, at *3 (C.D. Cal. Sep. 27, 2017) ("[s]uch documents are considered part of the pleading and are therefore presumed true for purposes of a motion to dismiss.").

Under the Federal Rules of Evidence, courts may take judicial notice of any "fact that is not subject to reasonable dispute" because it is either: "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. Rule 201(b). Public records, "such as SEC filings" and "analyst reports" are properly the subject of judicial notice and are routinely considered in deciding a motion to dismiss in a securities fraud case. *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006); *see also Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1065 n.7 (9th Cir. 2008) (granting defendants' requests for judicial notice for reported stock price history and other publicly available financial documents, including SEC filings); *Mendell v. Amgen, Inc. (In re Amgen Inc. Sec. Litig.)*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008) ("Among the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish whether and when certain information was provided to the market, not the truth of the matters asserted in the reports." (citation and internal quotation marks omitted)).

Courts may take judicial notice of "matters of public record" without "converting a motion to dismiss into a motion for summary judgment" as long as the

– 5 –

facts noticed are not "subject to reasonable dispute." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (citation and internal quotation marks omitted).

## DISCUSSION

### A.   Exhibits 5–6, 10 and 13 Are Incorporated by Reference In The Complaint and Are Not Reasonably Subject to Dispute

Exhibits 5–6, 10 and 13 are all incorporated by reference because they are referenced "extensively" throughout the Complaint and "form[] the basis" of Plaintiffs' allegations. *Khoja*, 899 F.3d at 1002 (citing *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)).

Exhibit 5 is a transcript of the September 15, 2022 investor call during which Plaintiffs specifically allege that Stanleick made actionable misrepresentations and/or omissions, and from which Plaintiffs purport to quote statements made by Stanlieck. *See e.g.*, Compl. ¶¶ 159-160, 162. Furthermore, a transcript of an investor call is not subject to reasonable dispute and courts routinely take judicial notice of such documents. *In re SentinelOne, Inc. Sec. Litig.*, 2024 WL 3297150, at *3 (N.D. Cal. July 2, 2024) (finding that transcripts of earning calls "are not subject to reasonable dispute and can be accurately and readily determined through public websites" and noting that "[c]ourts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases.").

Likewise, Plaintiffs specifically allege that Exhibits 6 and 10—both of which are press releases accompanying BHC earnings announcements that were filed with the SEC—contain false or misleading statements and/or omissions regarding the Company's financial performance and the success of Syndeo's launch. *See, e.g.*, Compl. ¶¶ 203, 217; *see also Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *5 (C.D. Cal. Mar. 5, 2021) (incorporating by reference documents containing "misrepresentations or omissions that form the basis of Plaintiff's claim"); *see also Metzler*, 540 F.3d at 1064 n.7 (holding that SEC filings are subject to judicial notice).

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

Additionally, BHC's November 13, 2023 press release (Exhibit 13)—which is extensively referenced and quoted in the Complaint—is essential to Plaintiffs' claims because they allege that this press release (which was filed with the SEC) revealed the truth about Syndeo and caused BHC's stock price to drop.  *See, e.g.*, Compl. ¶¶ 256-258, 269; *see also Mendoza v. HF Foods Grp. Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021) (incorporating by reference SEC filings and a report that purportedly caused a stock price drop).

**B.      Exhibits 1–4 and 6–13 Are SEC Filings That Are Properly Subject to Judicial Notice**

Separately, judicial notice of Exhibits 1–4 and 6–13 is appropriate because each is a "matter[] of public record" or otherwise available in the public domain, and each "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *Khoja*, 899 F.3d at 999; Fed. R. Evid. 201(b).  Indeed, courts regularly take judicial notice of public SEC filings in connection with motions to dismiss in securities cases. *See, e.g., Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1-2 (C.D. Cal. May 9, 2023) (taking judicial notice of "several SEC filings, press releases, and earnings call transcripts"); *Metzler*, 540 F.3d at 1064 n.7 (9th Cir. 2008) (SEC filings subject to judicial notice); *Dreiling*, 458 F.3d at 946 n.2 (listing "SEC filings" as example of "matter[s] subject to judicial notice").  Exhibits 1–4 and 6–13 are not subject to reasonable dispute, and each is capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar.  As such, the Court may take judicial notice of these exhibits to determine "what statements the documents contain," *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005), and the stock sales disclosed in SEC Forms 4 given the fact that they were filed with the SEC.  *Patel*, 253 F.R.D. at 546.

**C.      Exhibits 14-16 Can Be Accurately and Readily Determined From Sources Whose Accuracy Cannot Reasonably Be Questioned**

Exhibit 14 is a table reflecting BHC's common stock closing price and trading

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

volume from April 3, 2023 through November 30, 2023.  Court routinely take judicial notice of a company's historical stock prices because such information is readily ascertainable and not reasonably subject to dispute.  *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publically traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("[A] court may take judicial notice of a company's published stock prices.").

Exhibits 15 and 16 are analyst reports from Cannaccord Genuity, published on September 15, 2022 and August 9, 2023. "Courts regularly take judicial notice of analyst reports 'not in order to take notice of the truth of the matters asserted therein, but in order to determine what may or may not have been disclosed to the public.'" *In re Sorrento Therapeutics Sec. Litig.*, 2021 U.S. Dist. LEXIS 245405, at *13 (S.D. Cal. Nov. 17, 2021) (quoting *In re Regulus Therapeutics Inc. Sec. Litig.*, 406 F. Supp. 3d 845, 855 (S.D. Cal. 2019)); *see also Waterford Twp. Police & Fire Ret. Sys. v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1144 (C.D. Cal. 2018) (judicial notice of analyst reports "proper to consider whether and when certain information became available to investors"); *In re Questcor Sec. Litig.*, 2013 U.S. Dist. LEXIS 142865, at *5 (C.D. Cal. Oct. 1, 2013) (taking judicial notice of analyst reports as "these are documents a court may consider in a motion to dismiss securities fraud claims to establish 'whether and when certain information was provided to the market'" (quoting *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023–24 (C.D. Cal. 2008)). The analyst reports here should similarly be judicially noticed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1-16.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Dated: July 11, 2025

Respectfully submitted,

**REED SMITH**

By: */s/ Charles P. Hyun*
James L. Sanders (SBN 126291)
Charles P. Hyun (SBN 307817)
John C. Scalzo (*pro hac vice*)
Brian M. Rostocki (*pro hac vice*)
Zachary B. Kaye (*pro hac vice*)

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT