Charles P. Hyun (SBN 307817)
Email: chyun@reedsmith.com
REED SMITH LLP
1901 Avenue of the Stars, Suite 700
Los Angeles, CA  90067
Telephone:   (213) 734-5200
Facsimile:    (213) 734-5299

Brian M. Rostocki (*pro hac vice*)
Email: brostocki@reedsmith.com
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

John C. Scalzo (*pro hac vice*)
Email: jscalzo@reedsmith.com
Zachary B. Kaye (*pro hac vice*)
Email: zkaye@reedsmith.com
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, and LIYUAN WOO,<br><br>Defendants. | Case No.:   2:23-cv-09733-SPG-MAA<br><br>**REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS  SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hon. Sherilyn Peace Garnett<br>Date: September 17, 2025<br>Time: 1:30 p.m.<br>Location: Courtroom 5C |

Defendants The Beauty Health Company ("BHC"), Andrew Stanleick ("Stanleick"), and Liyuan Woo ("Woo," and together with Stanleick, the "Individual Defendants") (collectively, "Defendants") submit this reply in support of Defendants' Request for Judicial Notice (the "Request") with respect to sixteen exhibits submitted in connection with Defendants' Motion to Dismiss (the "Motion") Consolidated Second Amended Class Action Complaint (the "SAC") and attached to the Declaration of Zachary B. Kaye (each, an "Exhibit" and, collectively, the "Exhibits").

## **INTRODUCTION**

Plaintiffs' Opposition transparently attempts to deprive the Court of its undisputed right to judicially notice documents incorporated by reference in the SAC, as well as public documents filed with the U.S. Securities and Exchange Commission ("SEC"), the accuracy and authenticity of which Plaintiffs do not (and could not) reasonably question. The Court can reject out of hand Plaintiffs' objection to consideration of these documents on the purported ground that Defendants are using them to "[c]ontradict the SAC's [a]llegations." That is because the ability to judicially notice documents is entirely unaffected by whether they undercut or defeat Plaintiffs' claims. As a matter of black letter law, the fact that documents are unhelpful to Plaintiffs is simply not a reason to exclude them.

Plaintiffs' Opposition is further undone by their objection to at least seven Exhibits that they *concede are referenced in the SAC* and whose authenticity and public availability are not disputed. *Compare* Pls. Opp'n at 1 ("Plaintiffs do not dispute that seven of these documents (Exs. 4-6, 10, 13, 15-16) are referred to in the [SAC]" and "do not contest these documents' authenticity or that some of these documents were publicly available") *with* Pls. Opp'n at 2-4 (objecting to Exs. 4-6, 10, 13, 15-16). Clearly, Plaintiffs cannot have it both ways.

In short, Plaintiffs' Opposition is without merit under Ninth Circuit law. As is customary in securities cases, the Court should consider the SEC filings and other

REPLY IN SUPPORT REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

judicially noticeable documents appended to Defendants' motion to dismiss.

## ARGUMENT

### A.    Defendants' Reliance On Documents Incorporated By Reference Is Proper

In the introduction to their opposition, Plaintiffs admit that they "do not dispute that … (Exs. 4-6, 10, 13, 15-16) are referred to in the [SAC]" and that they "do not contest these documents' authenticity…." Pls. Opp'n at 2.  That ends the inquiry as to those Exhibits.  Ninth Circuit precedent provides that it is proper for the Court to take judicial notice of such documents.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("[T]he 'incorporation by reference' doctrine … permits us to take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'") (citation omitted); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (In securities fraud case "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").  Nevertheless, Plaintiffs remarkably maintain their objections to Exs. 4-6, 10, 13, 15-16.  Plaintiffs' position is meritless.

Plaintiffs turn the incorporation-by-reference doctrine on its head in arguing that Defendants improperly rely on documents incorporated by reference (Exs. 4–6, 10, 13, 15-16) "to undermine … well-pled factual allegations."  Pls. Opp'n at 2.  But the very purpose of that doctrine is to prevent overreaching plaintiffs, like those here, from "selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken – or doom – their claims."  *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018).  That the documents apparently do not say what Plaintiffs want them to say is irrelevant; indeed, it has no bearing whatsoever on the analysis of whether they are subject to judicial notice.

– 2 –

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Regardless, and contrary to Plaintiffs' misreading of Defendants' Request, Defendants do *not* ask this Court to "accept their subjective interpretation of the contents of certain Exhibits." Pls. Opp'n at 1. Instead, Defendants only seek notice of the uncontested fact that BHC disclosed specific information to investors. *See, e.g.*, *Ferreira v. Funko Inc.*, 2021 WL 880400, at *8 (C.D. Cal. Feb. 25, 2021) (taking judicial notice of an earning call where it was quoted in the complaint, "there is no dispute as to its authenticity, and there is no dispute as to its relevance"). Plaintiffs are free to contest the legal significance of those disclosures but may not bar the Court from seeing that they were made and what they say in full relief (rather than just those portions selectively quoted by Plaintiffs).

Each of Plaintiffs' efforts to contest judicial notice of specific documents on this basis can be rejected:

**Exhibit 4 (BHC's March 1, 2022 Form 10-K)**. Plaintiffs refer to select portions of BHC's March 1, 2022 Form 10-K in their pleading (SAC ¶ 58 n.4), but omit reference to the filing's cautionary language. *See* Dkt. 67 ("Mot. Dismiss") at 28 (quoting Ex. 4 at 16, 38). But whether this language contradicts Plaintiffs' conclusory allegations that BHC failed to make adequate disclosures regarding risks attendant to the launch of Syndeo does not mean they can ask that the Court not consider or even view it after they have relied on excerpts of it. Indeed, the law in this Circuit is just the opposite. *See Khoja*, 899 F.3d at 1002.

**Exhibit 5 (September 15, 2022 Investor Day Transcript)**. The transcript is a public record that fills in gaps to Plaintiffs' cherry-picked "facts." Plaintiffs do not (and cannot) dispute the transcript's accuracy, and it is appropriate for consideration on a motion to dismiss under *Khoja* and its progeny. *See, e.g.*, *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *12 (N.D. Cal. Mar. 18, 2024) (holding that "transcripts of investor conferences . . . are not subject to reasonable dispute and can be accurately and readily determined through public websites," and observing that "[c]ourts routinely

– 3 –

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

take judicial notice of transcripts of calls with and presentations to investors in securities cases"). Indeed, it is facially relevant to Plaintiffs' claims. For example, it shows that while BHC expressed enthusiasm for the Syndeo launch, the Company also expressly cautioned analysts and investors about its ongoing efforts in "enhancing, improving, and optimizing" the device. Ex. 5 at 17; SAC ¶ 161. Again, Plaintiffs may prefer that the Court not review this language, but that preference does not upend unambiguous judicial precedent.

*Exhibits 6[1] & 13 (February 28, 2023 & November 13, 2023 Press Releases)*. Both of these press releases are referenced and quoted in the SAC. Plaintiffs claim that in the first "Defendants *vaguely* acknowledged" a $2.4 million charge," and that as for the second, its disclosures "went well beyond the prior disclosures." SAC ¶¶ 208, 372. Having put at issue the nature of Defendants' statements in these releases, Plaintiffs cannot now have it both ways: selectively quoting from the releases in support of their arguments, while simultaneously barring the Court from actually reviewing the full text. That is not fair play, and it is sensibly a legally meritless position.

*Exhibit 10 (1Q 2023 Financial Results)*. Plaintiffs dispute whether the Court can take notice of Exhibit 10 because they allege that Defendants' motion to dismiss purportedly "only discusse[s] the financial results for 1Q 2023 in summary fashion." Pls. Opp'n at 2-3. But they cite no legal authority requiring that discussion reach a critical threshold for the doctrine of judicial notice to apply, nor does such authority exist. Moreover, SEC filings are unquestionably subject to judicial notice. *See, e.g., Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005) (taking judicial

---

[1] As noted by Plaintiffs, Defendants inadvertently attached a different press release from February 28, 2023 as Exhibit 6. Pls. Opp'n at 2 n.1. Defendants have filed a notice of errata and apologize to the Court for this oversight. Nevertheless, Plaintiffs' Opposition recognizes that Defendants' intended to attach the February 28, 2023 concerning BHC's financial results (and not the press release concerning the acquisition of SkinStylus from the same date) and responds accordingly. Given that Plaintiffs had a fair opportunity to respond, Defendants respectfully submit that Exhibit 6 is properly noticed before the Court and request that judicial notice of Exhibit 6 be granted.

– 4 –

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

notice of SEC filings for what documents contain).

***Exhibits 15 & 16 (Analyst Reports)***. Plaintiffs' allegations put market awareness at issue, opening the door to judicial notice of analyst reports that *actually describe* the nature and extent of that market awareness.  For example, the September 15, 2022, Canaccord Genuity report (Ex. 15 at 2) states that "some providers delivered this level of service, but our diligence suggests many did not.  The system was not 'connected,' there were no individual patient profiles, and the company only had access to end user demand/ordering at the clinician level."  Similarly, the August 9, 2023 Canaccord Genuity report (Ex. 16 at 1-2) acknowledges that BHC "has been quick to switch out systems that experienced issues as they arise," and that "there's clearly some heavy lifting to be done to stabilize and then around near-term execution."

*Khoja* is again instructive.  There, the court found that analyst reports that formed the basis for plaintiff's claim could be incorporated by reference.  899 F.3d at 1004 (citing *Patel v. Parnes*, 253 F.R.D. 531, 546-50 (C.D. Cal. 2008)).  Here, the analyst reports are neither offered to prove the truth of statements within them, nor to resolve factual disputes about the underlying merits of Plaintiffs' claims.  Rather, the reports are relevant to the question of whether the market was on notice of the types of issues Plaintiffs allege.

**B.    The Exhibits Are Not Offered For Improper Purposes**

Plaintiffs also incorrectly assert that certain Exhibits are offered for "improper purposes."  Pls. Opp'n at 5.  That contention is without merit or support under Ninth Circuit law.

***Exhibits 1-3, 7-9, & 11-12 (SEC Forms 4)***.  Plaintiffs argue that the "SEC Form 4s … [are improperly used] to support [Defendants'] counter-narrative that Stanleick and Woo 'believed that [BeautyHealth's] remediation efforts would succeed, or already were successful, therefore they retained their shares." Pls. Opp'n at 5.  Not so.

As an initial matter—and as discussed above—the fact that a document

– 5 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

contradicts one party's self-serving narrative is irrelevant to the analysis of whether a Court can take judicial notice of it. And, because SEC Forms 4 are "required to be filed with the SEC under penalty of perjury," they "are routinely accepted by courts on motions to dismiss securities fraud complaints and are considered for the truth of their contents." *Nosirrah Mgmt., LLC v. Franklin Wireless Corp.*, 2023 U.S. Dist. LEXIS 41746, at *7 (S.D. Cal. Jan. 11, 2023) (citing *Malin v. XL Capital Ltd.*, 499 F. Supp. 2d 117, 133 (D. Conn. 2007), *aff'd*, 312 F. App'x 400 (2d Cir. 2009); *Cement Masons & Plasterers Joint Pension Trust v. Equinix, Inc.*, 2012 WL 685844, at *8, n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of Forms 4 as proof of the transactional data contained therein and as evidence that certain stock transactions were made pursuant to Rule 10b-5 trading plans, reasoning that plaintiffs did not dispute that the Forms 4 "[were] 'not subject to reasonable dispute' and "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'" (quoting Federal Rule of Evidence 201(b))). Regardless, Plaintiffs ignore that this "counter-narrative" finds support in the SAC itself. *See, e.g.*, SAC ¶ 165 (noting that Syndeo 2.0 was "treated as a success" for months because it initially "corrected the clogging issue").

The Court should also take judicial notice of the Forms 4 because they are necessary to evaluate the scienter allegations made by Plaintiffs.[2] Indeed, the Ninth Circuit has acknowledged that defendants' decision not to sell stock—as evidenced by SEC Forms 4 that are judicially noticed—can undermine an inference of scienter. *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 884–85 (9th Cir. 2012) ("[B]ecause none of the defendants sold stock ... during which they would have benefitted from any allegedly fraudulent statements, the value of the stock and stock options does not

---

[2] Judicial notice of Forms 4 is appropriate even when they are not explicitly referenced in a complaint. *See, e.g., Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at *4 (N.D. Cal. Nov. 16, 2020)

– 6 –

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

support an inference of scienter").

*Hampton v. Aqua Metals, Inc.* is on point. There, the court took judicial notice of a Form 4 of a defendant even though "Plaintiffs contend[ed] that the SAC does not allege insider selling by [defendant], or that he was financially motivated to commit fraud based on stock sales." 2020 WL 6710096 at *4. The court reasoned that Forms 4 were "properly judicially noticed for their truth because they contain relevant information required for an assessment of the SAC's scienter allegations, and their authenticity is not in question." *Id.* The court ultimately found that "[t]he absence of sales by [defendant], who made many of the statements at issue. . . contradict any inference of scienter." *Id.* at *16. The Court should reach the same result here.

**Exhibit 14 (Chart of BHC's Stock Price)**. Plaintiffs also do not (and cannot) dispute that Exhibit 14—a chart reflecting publicly available data (including the closing price and trading volume) related to the Company's common stock—is accurate and the proper subject for judicial notice. *See* Pls. Opp'n at 5. Instead, Plaintiffs assert that it would be premature for this Court to rule on the issue of loss causation. *Id.* But this (incorrect) argument has no bearing on whether Exhibit 14 is properly subject to judicial notice. It is well-established that a company's historical stock prices are subject to judicial notice because such information is readily ascertainable and not reasonably subject to dispute. *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) ("Because publicly traded companies historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them."); *In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 814, 816 (C.D. Cal. 2004) ("[A] court may take judicial notice of a company's published stock prices."). While it is true, as Plaintiffs contend, that Plaintiffs no longer allege August 9, 2023 as a corrective disclosure date, that only heightens the relevance of Exhibit 14. The fact that BHC made a disclosure regarding the issues with Syndeo on August 9, 2023, yet the price of BHC's stock (as Plaintiffs now apparently concede)

– 7 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

did not react in a statistically significant manner, proves that the later price drop in BHC's stock was not caused by BHC's alleged non-disclosure of the Syndeo issues.

### C. Defendants Have Laid "Proper Foundation"

Plaintiffs confusingly accuse Defendants of failing to lay a proper foundation for the Request. Pls. Opp'n at 6. Under Rule 201, the Court may take judicial notice if it "is supplied with the necessary information." Defendants adequately articulated why the accuracy of each of the Exhibits cannot reasonably be questioned and is properly subject to judicial notice. *See* Request for Judicial Notice, Dkt. 68 ("Req.") at 6–8. That is all that is required. Furthermore, as discussed above, while the Forms 4 and BHC's historical stock price are judicially noticeable for their truth, the remaining Exhibits are only being offered for the purpose of determining "what statements the documents contain." *Troy Grp., Inc. v. Tilson*, 364 F. Supp. 2d 1149, 1152 (C.D. Cal. 2005); *see also Baron v. HyreCar Inc.*, 2022 WL 17413562, at *6 (C.D. Cal. Dec. 5, 2020) (taking judicial notice of Form 10-Q and investor call transcript for purposes of establishing what company disclosed to the market). As the wealth of authority cited by Defendants confirms, that is entirely proper.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court take judicial notice of Exhibits 1–16.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

Dated: September 2, 2025

Respectfully submitted,

**REED SMITH**

By: */s/ Charles P. Hyun*

Charles P. Hyun (SBN 307817)
John C. Scalzo (*pro hac vice*)
Brian M. Rostocki (*pro hac vice*)
Zachary B. Kaye (*pro hac vice*)

*Attorneys for Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 9 –

REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT