**ALSTON & BIRD LLP**
Charles W. Cox (Cal. Bar No. 162854)
1900 Ave of the Stars, Suite 450
Los Angeles, CA  90067
Telephone: (310) 474-5488
Facsimile:  (310) 228-3870
E-mail: charles.cox@alston.com

**ALSTON & BIRD LLP**
Joanna C. Hendon (*pro hac vice* forthcoming)
Christopher J. Borchert (*pro hac vice* forthcoming)
Annie E. Sher (*pro hac vice* forthcoming)
90 Park Avenue
New York, NY 10016
Phone: (212) 210- 9548
Facsimile: (212) 210- 9444
Email: joanna.hendon@alston.com
Email: christopher.borchert@alston.com
Email: annie.sher@alston.com

Attorneys for Defendant Andrew Stanleick

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, and LIYUAN WOO, <br><br> Defendants. | Case No.: 2:23-cv-09733-SPG-MAA <br><br> **DEFENDANT ANDREW STANLEICK'S ANSWER TO THE CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT** |

Defendant Andrew Stanleick, by and through his undersigned counsel, hereby answers and responds to the allegations in the Consolidated Second Amended Class Action Complaint ("SAC"). All allegations not expressly admitted, including those contained in the structural headings of the SAC, are denied.[1]

## I.    INTRODUCTION[2]

1.    The allegations in Paragraph 1 consist of a characterization of Lead Plaintiffs' claims in this action to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 1.[3]

2.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations.

3.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 and therefore denies those allegations.

4.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those allegations.

5.    To the extent that Paragraph 10 purports to quote from a March 7, 2022 press release, that press release speaks for itself. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 5 and therefore denies those allegations.

6.    Mr. Stanleick denies the allegations in Paragraph 6.

---

[1]    All responses in this Answer are made as of the date of this filing. Mr. Stanleick reserves the right to amend any response in this Answer to the extent that he receives additional information in discovery.

[2]    The headings from the SAC are incorporated herein for placement purposes only and are not intended to be statements or admissions by Mr. Stanleick. Mr. Stanleick denies any allegations contained in the headings set forth in the SAC.

[3]    To the extent Mr. Stanleick uses terms defined in the SAC in this Answer, such use is not an acknowledgment or admission of any characterization Lead Plaintiffs seek to associate with any such defined term.

7. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 and therefore denies those allegations.

8. Mr. Stanleick denies the allegations in the first sentence of Paragraph 8. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 8 and therefore denies those allegations.

9. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies those allegations.

10. To the extent that Paragraph 10 purports to quote from documents, those documents speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 10.

11. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, and fourth sentences in Paragraph 11 and therefore denies those allegations. Mr. Stanleick denies the allegations in the fifth sentence of Paragraph 11.

12. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, third, fourth and fifth sentences of Paragraph 12 and therefore denies those allegations. Mr. Stanleick denies the allegations in the second and sixth sentences of Paragraph 12.

13. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third and fourth sentences of Paragraph 13 and therefore denies those allegations. Mr. Stanleick denies the allegations in the fifth sentence of Paragraph 13.

14. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

15.     Mr. Stanleick denies the allegations in Paragraph 15.

16.     Mr. Stanleick admits that he communicated with BeautyHealth customers. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 16 and therefore denies those allegations.

17.     Mr. Stanleick denies the allegations in the first, third, fourth, fifth and sixth sentences of Paragraph 17.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 17 and therefore denies those allegations.

18.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies those allegations.

19.     Mr. Stanleick denies the allegations in Paragraph 19.

20.     Mr. Stanleick denies the allegations in the first sentence in Paragraph 20. With respect to the second sentence of Paragraph 20, Mr. Stanleick admits that the Company characterized his departure as a "termination without cause," but otherwise denies the remainder of the allegations in Paragraph 20.

21.     To the extent that the first and seventh sentences of Paragraph 21 refer to statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in the first sentence of Paragraph 21.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, fourth, fifth and sixth sentences of Paragraph 21 and therefore denies those allegations.

22.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

23.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25.    Mr. Stanleick denies the allegations in Paragraph 25.

## II.    JURISDICTION AND VENUE

26.    The allegations in Paragraph 26 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 26.

27.    The allegations in Paragraph 27 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 27.

28.    The allegations in the first sentence of Paragraph 28 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in the first sentence of Paragraph 28.  Mr. Stanleick admits the allegations in the second sentence of Paragraph 28.  Mr. Stanleick denies the allegations in the third sentence of Paragraph 28.

29.    The allegations in Paragraph 29 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 29.

## III.    PARTIES

### A.    Lead Plaintiffs

30.    The allegations in Paragraph 30 consist of a characterization of Lead Plaintiffs' claims in this action to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 30.

### B.    Corporate Defendant

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

31.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 31 and therefore denies those allegations.  Mr. Stanleick denies the allegations in the eighth sentence of Paragraph 31.

**C.    Executive Defendants**

32.    Mr. Stanleick admits the allegations in the first, second, and third sentences of Paragraph 32.  Mr. Stanleick denies the allegations in the fourth, fifth, and sixth sentences of Paragraph 32.  With respect to the seventh sentence of Paragraph 32, Stanleick admits that he participated in the management of the Company during the term of his employment, but otherwise denies the allegations in that sentence.  The allegations in the eighth sentence of Paragraph 32 consist of a characterization of Lead Plaintiffs' claims in this action to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in the eighth sentence of Paragraph 32.

33.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 and therefore denies those allegations.

34.    Mr. Stanleick denies the allegations in Paragraph 34.

**D.    Former BeautyHealth Employees**

35.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies those allegations.

**1.    FE-1**

36.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

37.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies those allegations.

**2.    FE-2**

38.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies those allegations.

39.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

**3.    FE-3**

40.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

**4.    FE-4**

41.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

**5.    FE-5**

42.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 and therefore denies those allegations.

**6.    FE-6**

43.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

44.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44 and therefore denies those allegations.

### E.      BeautyHealth Customer

45.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 and therefore denies those allegations.

## IV.    SUMMARY OF THE FRAUD

### A.      BeautyHealth and its category-creating HydraFacial.

46.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies those allegations.

47.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies those allegations.

48.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies those allegations.

49.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies those allegations.

50.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50 and therefore denies those allegations.

51.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

52.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 and therefore denies those allegations.

53.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53 and therefore denies those allegations.

54.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 and therefore denies those allegations.

**B.    <u>Syndeo – the next generation HydraFacial delivery system.</u>**

55.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies those allegations.

56.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies those allegations.

57.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies those allegations.

58.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore denies those allegations.

59.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 and therefore denies those allegations.

60.    Mr. Stanleick admits the allegations in the first and second sentences of Paragraph 60.  Mr. Stanleick is without sufficient knowledge or information to form a

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

belief as to the truth of the remainder of the allegations in Paragraph 60 and therefore denies those allegations.

**C.**     **Defendants rush the launch of Syndeo in light of declining consumable sales, despite functional issues with the device.**

61.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 61 and therefore denies those allegations.

62.     Mr. Stanleick states that the document referenced therein speaks for itself, but otherwise is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 and therefore denies those allegations.

63.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies those allegations.

64.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies those allegations.

65.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies those allegations.

66.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies those allegations.

67.     Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies those allegations.

68.     Mr. Stanleick denies the allegations in the first sentence of Paragraph 68. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

truth of the allegations in the second sentence of Paragraph 68 and therefore denies those allegations.

69.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies those allegations.

70.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70 and therefore denies those allegations.

**D.    BeautyHealth's roll out of Syndeo in March 2022.**

71.    Mr. Stanleick states that the Form 8-K referenced therein speaks for itself, but otherwise denies the allegations in Paragraph 71.

72.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72 and therefore denies those allegations.

**E.    May 10, 2022: Class Period begins with BeautyHealth's purported "highly successful launch" of Syndeo in Q1 2022.**

73.    To the extent that Paragraph 73 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 73 and therefore denies those allegations.

74.    To the extent that Paragraph 74 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies those allegations.

75.    Mr. Stanleick admits that he participated in the Q1 2022 earnings call with analysts.  Mr. Stanleick denies the remainder of the allegations in Paragraph 75, except that he states that the document referenced therein speaks for itself.

76.    To the extent that Paragraph 76 refers to statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 76.

77.    Mr. Stanleick denies the allegations in Paragraph 77, except that he states that the document referenced therein speaks for itself.

78.    To the extent that Paragraph 78 refers to statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 78.

79.    To the extent that Paragraph 79 refers to statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 79.

80.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 80 and therefore denies those allegations.

81.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 81 and therefore denies those allegations.  Mr. Stanleick denies the allegations in the second, third, fourth, fifth and sixth sentences of Paragraph 81.

82.    Mr. Stanleick admits the allegations in the first sentence of Paragraph 82 that the Company released its Q2 earnings in August 2022 and that Mr. Stanleick and Ms. Woo attended the Jefferies Consumer Conference and the William Blair Growth Stock Conference in June 2022.  To the extent that Paragraph 82 purports to quote from or summarize a transcript, that transcript speaks for itself. Mr. Stanleick otherwise denies the remainder of the allegations in Paragraph 82.

**F.    Defendants concealed that the Syndeo system was flawed from the get-go.**

83.    Mr. Stanleick denies the allegations in the first, third and fourth sentences of Paragraph 83.  Mr. Stanleick is without sufficient knowledge or information to form

a belief as to the truth of the allegations in the second sentence of Paragraph 83 and therefore denies those allegations.

**1.   Defendants rushed the launch of Syndeo in March 2022 with knowledge of issues affecting its functionality.**

84.   Mr. Stanleick denies the allegations in Paragraph 84.

**2.   Syndeo had extensive cosmetic issues, which matters when a device is as costly as Syndeo and intended to be used where visible to clients.**

85.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 85 and therefore denies those allegations.  Mr. Stanleick denies the allegations in the third sentence of Paragraph 85.

86.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 86. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 86 and therefore denies those allegations.

87.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 87. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 87 and therefore denies those allegations.

**3.   Woo knew of Syndeo's cosmetic issues and customer complaints; Rather than address the source issues, Woo directed BeautyHealth to send customers new replacement machines with the same problems.**

88.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 88 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

89. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 89 and therefore denies those allegations.

90. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 90 and therefore denies those allegations.

91. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 91 and therefore denies those allegations.

**4.      Early Syndeo customers complained about a variety of Syndeo functional issues beginning in March/April 2022.**

92. Mr. Stanleick denies the allegations in the first sentence of Paragraph 92. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 92 and therefore denies those allegations.

93. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 93 and therefore denies those allegations.

94. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 94 and therefore denies those allegations.

95. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 95 and therefore denies those allegations.

96. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 96 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

**5.    The Syndeo 1.0 system plugged up due to a design flaw.**

97.    Mr. Stanleick denies the allegations in the first sentence of Paragraph 97. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 97 and therefore denies those allegations.

98.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 98 and therefore denies those allegations.

99.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies those allegations.

100.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies those allegations.

101.    Mr. Stanleick denies the allegations in the first sentence of Paragraph 101. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 101 and therefore denies those allegations.

102.    Mr. Stanleick denies the allegations in the first sentence of Paragraph 102. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 102 and therefore denies those allegations.

103.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 103 and therefore denies those allegations.

104.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first, second and third sentences of

Paragraph 104 and therefore denies those allegations.  Mr. Stanleick denies the allegations in the fourth sentence of Paragraph 104.

105.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 105 and therefore denies those allegations.

**6.    BeautyHealth senior management discussed Syndeo 1.0 problems at regular Tiger Team meetings, which flowed up to Woo.**

106.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 106 and therefore denies those allegations.

107.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 107 and therefore denies those allegations.

108.  Mr. Stanleick denies the allegations in the first sentence of Paragraph 108. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second sentence of Paragraph 108 and therefore denies those allegations.

**7.    In June 2022, CEO Andrew Stanleick states BeautyHealth's "#1 priority is to focus on Syndeo and getting it back on track" as there is "nothing that is more important for the organization."**

109.  Mr. Stanleick denies the allegations in Paragraph 109.

110.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 110 and therefore denies those allegations.

111.  To the extent that Paragraph 111 purports to quote from an email, that email speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

information to form a belief as to the truth of the remainder of the allegations in Paragraph 111 and therefore denies those allegations.

112. To the extent that Paragraph 112 purports to quote from an electronic communication, that electronic communication speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 112.

113. To the extent that Paragraph 113 purports to quote from an electronic communication, that electronic communication speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 113.

114. To the extent that Paragraph 114 purports to quote from an electronic communication, that electronic communication speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 114.

**8.      Stanleick discussed Syndeo issues during monthly town hall calls.**

115. Mr. Stanleick admits that he periodically attended townhall meetings, but otherwise denies the allegations in the first sentence of Paragraph 115. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 115 and therefore denies those allegations.

116. Mr. Stanleick admits that he periodically attended townhall meetings, but otherwise denies the allegations in the first sentence of Paragraph 116. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 116 and therefore denies those allegations.

**9.      BeautyHealth's extensive efforts to solve the Syndeo 1.0 plugging issues.**

117. Mr. Stanleick denies the allegations in the first sentence of Paragraph 117. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 117 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

118.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies those allegations.

**10.     The Operations Team made poor recommended fixes, which top management approved, despite lack of testing and input from the R&D/Quality team.**

119.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 119 and therefore denies those allegations.

120.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 120 and therefore denies those allegations.

121.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 121 and therefore denies those allegations.

122.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 122 and therefore denies those allegations.

123.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 123 and therefore denies those allegations.

124.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 124 and therefore denies those allegations.

**11.     Unbeknownst to investors, BeautyHealth implements Syndeo 2.0 plan in July 2022.**

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

125.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 125 and therefore denies those allegations.

126.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 126 and therefore denies those allegations.

127.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 127 and therefore denies those allegations.

128.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 128. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 128 and therefore denies those allegations.

**G.     August 9, 2022: BeautyHealth delivers Q2 2022 results, calling the Syndeo rollout a "tremendous success."**

129.   Mr. Stanleick denies the allegations in Paragraph 129.

130.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 130. To the extent that the remainder of the allegations in Paragraph 130 purport to quote from a press release, that press release speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 130.

131.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 131 and therefore denies those allegations.

132.   Mr. Stanleick admits that he participated in an August 9, 2022 Q2 2022 earnings call with analysts.  To the extent that Paragraph 132 purports to quote statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick denies the remainder of the allegations in Paragraph 132.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

133.   Mr. Stanleick denies the allegations in Paragraph 133, except that he states that the document referenced therein speaks for itself.

134.   To the extent that Paragraph 134 purports to quote statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 134.

135.   To the extent that Paragraph 135 purports to quote statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 135.

136.   To the extent that Paragraph 136 purports to quote statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 136.

137.   To the extent that Paragraph 137 purports to quote statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 137.

138.   To the extent that Paragraph 138 purports to quote from documents, those documents speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 138.

**H.    In fall 2022, the size and scope of issues with Syndeo is apparent to Defendants.**

139.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies those allegations.

140.   Mr. Stanleick denies the allegations in Paragraph 140.

**1.    Syndeo issues were communicated to Stanleick and Woo through the Management Review in September/October 2022.**

141.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 141. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

truth of the remainder of the allegations in Paragraph 141 and therefore denies those allegations.

142. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies those allegations.

143. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies those allegations.

144. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 144 and therefore denies those allegations.

145. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 145 and therefore denies those allegations.

146. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 146 and therefore denies those allegations.

**2.      In September/October 2022, the Company hid broken Syndeo machines from Quality Auditors performing audit**

147. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 147 and therefore denies those allegations.

148. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148 and therefore denies those allegations.

149. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 149 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

150.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 150 and therefore denies those allegations.

151.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 151 and therefore denies those allegations.

**I.     September 15, 2022 Investor Day: Defendants claim Syndeo's launch has been "next level"**

152.   Mr. Stanleick denies the allegations in Paragraph 152.

153.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 153. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 153 and therefore denies those allegations.

154.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 154. Mr. Stanleick admits that BeautyHealth hosted an Investor Day meeting in New York on September 15, 2022. To the extent that Paragraph 154 purports to quote from a press release, that press release speaks for itself.   Mr. Stanleick otherwise denies the allegations in Paragraph 154.

155.   To the extent that Paragraph 155 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 155.

156.   To the extent that Paragraph 156 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 156.

157.   To the extent that Paragraph 157 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 157.

158.   To the extent that Paragraph 158 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 158.

159.   Mr. Stanleick admits that he attended an Investor Day Conference on September 15, 2022 with analysts.  Mr. Stanleick denies the remainder of the allegations in Paragraph 159.

160.   To the extent that Paragraph 160 purports to quote from a transcript, that transcript speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 160.

161.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 161 and therefore denies those allegations.

162.   To the extent that Paragraph 162 purports to quote from a transcript, that transcript speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 162.

163.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 163 and therefore denies those allegations.

164.   To the extent that Paragraph 164 purports to quote from documents, those documents speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 164.

**J.      BeautyHealth soon learns that the Syndeo 2.0 failed to cure the systemic plugging issues in late October/November 2022**

165.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 165 and therefore denies those allegations.

166.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 166. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

truth of the remainder of the allegations in Paragraph 166 and therefore denies those allegations.

167. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 167 and therefore denies those allegations.

168. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 168 and therefore denies those allegations.

169. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 169 and therefore denies those allegations.

170. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 170 and therefore denies those allegations.

171. Mr. Stanleick denies the allegations in the first sentence of Paragraph 171. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 171 and therefore denies those allegations.

### 1. **Syndeo 2.0 plugging issues were communicated to Woo through reports from the regular Tiger Team meetings.**

172. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 172 and therefore denies those allegations.

173. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 173 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

**2. Stanleick acknowledged Syndeo 2.0 issues at sales meetings and quarterly calls.**

174. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 174 and therefore denies those allegations.

**K. November 8, 2022: BeautyHealth reports Q3 2022 results and continues to tout "solid demand for Syndeo."**

175. Mr. Stanleick denies the allegations in Paragraph 175.

176. Mr. Stanleick denies the allegations in the first sentence of Paragraph 176. To the extent that the remainder of Paragraph 176 purports to quote from a Form 8-K, that document speaks for itself. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 176 and therefore denies those allegations.

177. To the extent that Paragraph 177 purports to quote from a press release, that press release speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 177.

178. To the extent that Paragraph 178 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 178 and therefore denies those allegations.

179. Mr. Stanleick admits that he participated in BeautyHealth's Q3 2022 Earnings Call on November 8, 2022. To the extent that Paragraph 179 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 179.

180. To the extent that Paragraph 180 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 180.

181. To the extent that Paragraph 181 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 181.

182. To the extent that Paragraph 182 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 182.

183. To the extent that Paragraph 183 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 183.

184. To the extent that Paragraph 184 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 184.

185. To the extent that Paragraph 185 purports to quote from documents, those documents speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 185 and therefore denies those allegations.

186. Mr. Stanleick admits that he attended the Stifel Healthcare Conference on November 15, 2022. To the extent that Paragraph 186 purports to quote from a transcript, that transcript speaks for itself. Mr. Stanleick denies the remainder of the allegations in Paragraph 186.

**L.** **Syndeo computer chip issues identified in late 2022/early 2023.**

187. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 187 and therefore denies those allegations.

188. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 188 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

189.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 189 and therefore denies those allegations.

**M.     A Syndeo customer starts a Facebook group, which draws Stanleick's attention.**

190.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 190 and therefore denies those allegations.

191.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 191 and therefore denies those allegations.

192.  To the extent that Paragraph 192 purports to quote from a Facebook post, that Facebook post speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 192 and therefore denies those allegations.

193.  To the extent that Paragraph 193 purports to quote from a Facebook post, that Facebook post speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 193 and therefore denies those allegations.

194.  To the extent that Paragraph 194 purports to quote from a Facebook post, that Facebook post speaks for itself.  Mr. Stanleick denies the allegations in the first sentence of Paragraph 194.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 194 and therefore denies those allegations.

195.  To the extent that Paragraph 195 purports to quote from statements allegedly made on Facebook, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 195.

196.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 196. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 196 and therefore denies those allegations.

197.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197 and therefore denies those allegations.

198.   Mr. Stanleick denies the allegations in Paragraph 198.

199.   To the extent that Paragraph 199 purports to quote from text messages, those text messages speak for themselves.   Mr. Stanleick otherwise denies the allegations in Paragraph 199.

200.   To the extent that Paragraph 200 purports to quote from text messages, those text messages speak for themselves.   Mr. Stanleick otherwise denies the allegations in Paragraph 200.

201.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 201 and therefore denies those allegations.

**N.    February 27-28, 2023: Defendants vaguely reference Syndeo replacement program on Q4 2022 earnings call, but mischaracterize it as a "one-time program" and assure analysts they have optimized Syndeo in preparation for international launch.**

202.   Mr. Stanleick denies the allegations in Paragraph 202.

203.   To the extent that Paragraph 203 purports to quote from a Form 8-K, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 203 and therefore denies those allegations.

204. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 204 and therefore denies those allegations.

205. Mr. Stanleick admits that he participated in the Company's Q4 2022 Earnings Call. To the extent that Paragraph 205 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 205 and therefore denies those allegations.

206. To the extent that Paragraph 206 purports to quote from a document, that document speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 206.

207. To the extent that Paragraph 207 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 207.

208. To the extent that Paragraph 208 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 208.

209. To the extent that Paragraph 209 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 209.

210. To the extent that Paragraph 210 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 210 and therefore denies those allegations.

O. **March 30, 2023: In announcing Syndeo international launch, Defendants claim "Syndeo has been embraced by Hydrafacial customer and provider community in the U.S."**

211.   To the extent that Paragraph 211 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 211.

212.   To the extent that Paragraph 212 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 212 and therefore denies those allegations.

**P.      Syndeo's systemic performance issues continue throughout the first half of 2023.**

213.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 213 and therefore denies those allegations.

214.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 214 and therefore denies those allegations.

215.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 215. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 215 and therefore denies those allegations.

**Q.      May 10, 2023: BeautyHealth reports 1Q 2023 results touting "strong Syndeo traction."**

216.   Mr. Stanleick denies the allegations in Paragraph 216.

217.   To the extent that Paragraph 217 purports to quote from a Form 8-K, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 217 and therefore denies those allegations.

218.   Mr. Stanleick admits that he participated in the Q1 2023 earnings call with analysts on May 10, 2023.  To the extent that Paragraph 218 purports to quote from a

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

document, that document speaks for itself.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 218 and therefore denies those allegations.

219.  To the extent that Paragraph 219 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 219.

220.  To the extent that Paragraph 220 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 220.

221.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 221 and therefore denies those allegations.

**R.    By May/June 2023, thousands of returned Syndeo devices remained stored around the Company's Long Beach facility.**

222.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 222 and therefore denies those allegations.

223.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 223 and therefore denies those allegations.

224.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 224 and therefore denies those allegations.

**S.    June 6, 2023: Defendants claim Syndeo program has been a "great success."**

225.  Mr. Stanleick admits that he attended the TD Cowen Sustainability Conference on June 6, 2023.  To the extent that Paragraph 225 purports to quote from statements allegedly made at the TD Cowen Sustainability Conference, those

30

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

statements speak for themselves.  Mr. Stanleick denies the remainder of the allegations in Paragraph 225.

226.   To the extent that Paragraph 226 purports to quote from statements allegedly made at the TD Cowen Sustainability Conference, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 226.

**T.      BeautyHealth's second half 2023 attempted fix of Syndeo is a disaster.**

227.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 227 and therefore denies those allegations.

228.   Mr. Stanleick admits that he attended a global sales meeting in July 2023. Mr. Stanleick denies the remainder of the allegations in Paragraph 228.

229.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 229 and therefore denies those allegations.

230.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 230 and therefore denies those allegations.

231.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 231 and therefore denies those allegations.

232.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 232 and therefore denies those allegations.

233.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 233 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

234.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 234 and therefore denies those allegations.

235.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 235 and therefore denies those allegations.

236.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 236 and therefore denies those allegations.

237.    Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 237 and therefore denies those allegations.

**U.    August 9, 2023 disclosures: BeautyHealth reveals Syndeo "teething issues" in Q2 '23 that limits the decline in share price.**

238.    Mr. Stanleick denies the allegations in Paragraph 238.

239.    To the extent that Paragraph 239 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 239 and therefore denies those allegations.

240.    To the extent that Paragraph 240 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 240 and therefore denies those allegations.

241.    To the extent that Paragraph 241 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 241 and therefore denies those allegations.

242.   To the extent that Paragraph 242 purports to quote from a document, that document speaks for itself.  Mr. Stanleick denies the allegations in the third sentence of Paragraph 242.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 242 and therefore denies those allegations.

243.   Mr. Stanleick admits that he participated in an August 9, 2023 earnings call.  To the extent that Paragraph 243 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick denies the remainder of the allegations in Paragraph 243.

244.   To the extent that Paragraph 244 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 244.

245.   To the extent that Paragraph 245 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 245.

246.   To the extent that Paragraph 246 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 246.

247.   To the extent that Paragraph 247 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 247.

248.   To the extent that Paragraph 248 purports to quote from a Form 10-Q, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 248 and therefore denies those allegations.

249.   To the extent that Paragraph 249 purports to quote from documents, those documents speak for themselves.   Mr. Stanleick is otherwise without sufficient

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

knowledge or information to form a belief as to the truth of the allegations in Paragraph 249 and therefore denies those allegations.

250. Mr. Stanleick denies the allegations in the first sentence of Paragraph 250. Mr. Stanleick is without sufficient knowledge or information to form a belief as to truth of the allegations in the second sentence of Paragraph 250 and therefore denies those allegations.

251. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 251 and therefore denies those allegations, except that he states that the documents referenced therein speak for themselves. Mr. Stanleick admits that he purchased securities of the company at current market prices as reflected in regulatory filings with the SEC, the contents of which speak for themselves.

252. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 252 and therefore denies those allegations.

253. To the extent that Paragraph 253 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 253 and therefore denies those allegations.

254. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 254 and therefore denies those allegations.

255. To the extent that Paragraph 255 purports to quote from a press release, that press release speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 255 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

## V.    THE TRUTH ABOUT SYNDEO IS REVEALED

### A.    The November 13, 2023 disclosures fully reveal the fraud: CEO ousted, BeautyHealth declares virtually all Syndeo systems obsolete.

256.    To the extent that Paragraph 256 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 256 and therefore denies those allegations.

257.    To the extent that Paragraph 257 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 257 and therefore denies those allegations.

258.    To the extent that Paragraph 258 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 258 and therefore denies those allegations.

259.    To the extent that Paragraph 259 purports to quote from a press release, that press release speaks for itself.  Mr. Stanleick admits that the Company announced Mr. Stanleick would depart the Company and relinquish his Board seat, effective November 19, 2023, but otherwise denies the allegations in Paragraph 259.

260.    To the extent that Paragraph 260 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 260 and therefore denies those allegations.

261.    To the extent that Paragraph 261 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 261 and therefore denies those allegations.

262. To the extent that Paragraph 262 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 262 and therefore denies those allegations.

263. To the extent that Paragraph 263 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 263 and therefore denies those allegations.

264. To the extent that Paragraph 264 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 264 and therefore denies those allegations.

265. To the extent that Paragraph 265 purports to quote from a Form 10-Q, that document speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 265.

266. To the extent that Paragraph 266 purports to quote from documents, those documents speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 266 and therefore denies those allegations.

267. To the extent that Paragraph 267 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 267 and therefore denies those allegations.

268. To the extent that Paragraph 268 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 268 and therefore denies those allegations.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

269.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 269 and therefore denies those allegations.

**B.      Piper Sandler post-Class Period survey confirms widespread problems with Syndeo beyond management's previous disclosures.**

270.   To the extent that Paragraph 270 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 270 and therefore denies those allegations.

271.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 271 and therefore denies those allegations.

272.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 272 and therefore denies those allegations.

273.   To the extent that Paragraph 273 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 273 and therefore denies those allegations.

274.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 274 and therefore denies those allegations.

275.   Mr. Stanleick denies the allegations in the first sentence of Paragraph 275. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 275 and therefore denies those allegations.

C.      **BeautyHealth's disappointing financial performance since November 2023.**

276.   Mr. Stanleick denies the allegations in Paragraph 276.

277.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 277 and therefore denies those allegations, except that he states that the document referenced therein speaks for itself.

278.   To the extent that Paragraph 278 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 278 and therefore denies those allegations.

D.      **BeautyHealth discloses SEC investigation in April 2024.**

279.   To the extent that Paragraph 279 purports to quote from a Form 8-K, that document speaks for itself.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 279.

280.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 280 and therefore denies those allegations.  Mr. Stanleick denies the allegations in the second sentence of Paragraph 280.

VI.    **DEFENDANTS' FALSE AND MISLEADING STATEMENTS AND OMISSIONS**

281.   Mr. Stanleick denies the allegations in Paragraph 281.

1.      **Defendants' false statements associated with the announcement of BeautyHealth's Q1 2022 financial results.**

282.   To the extent that Paragraph 282 purports to quote from a Form 8-K, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 282 and therefore denies those allegations.

283.   Mr. Stanleick denies the allegations in Paragraphs 283.

284.   Mr. Stanleick denies the allegations in Paragraph 284.

285.   The allegations in Paragraph 285 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 285.

286.   Mr. Stanleick admits that he participated in an earnings call with analysts on May 10, 2022.  To the extent that Paragraph 286 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick denies the remainder of the allegations in Paragraph 286.

287.   To the extent that Paragraph 287 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 287 and therefore denies those allegations.

288.   To the extent that Paragraph 288 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 288 and therefore denies those allegations.

289.   Mr. Stanleick denies the allegations in Paragraph 289.

290.   Mr. Stanleick denies the allegations in Paragraph 290.

291.   The allegations in Paragraph 291 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 291.

## 2.   Defendants' false statements at the June 19, 2022 Nantucket Jeffries Consumer Conference.

292.   Mr. Stanleick admits that he spoke at the Nantucket Jeffries Consumer Conference on June 19, 2022.  To the extent that Paragraph 292 purports to quote from

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

statements allegedly made at that conference, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 292.

293. To the extent that Paragraph 293 purports to quote from statements allegedly made at the Nantucket Jeffries Conference, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 293.

294. Mr. Stanleick denies the allegations in Paragraph 294.

295. Mr. Stanleick denies the allegations in Paragraph 295.

296. The allegations in Paragraph 296 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 296.

**3.      Defendants' false statements associated with the announcement of BeautyHealth's Q2 2022 financial results.**

297. To the extent that Paragraph 297 purports to quote from a Form 8-K, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 297 and therefore denies those allegations.

298. To the extent that Paragraph 298 purports to quote from the Company's second quarter 2022 10-Q, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 298 and therefore denies those allegations.

299. Mr. Stanleick admits that he participated in an earnings call with analysts on August 9, 2022. To the extent that Paragraph 299 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 299 and therefore denies those allegations.

300. To the extent that Paragraph 300 purports to quote from a document, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or

information to form a belief as to the truth of the remainder of the allegations in Paragraph 300 and therefore denies those allegations.

301.   To the extent that Paragraph 301 purports to quote from statements allegedly made on an earnings call, those documents speak for themselves.   Mr. Stanleick otherwise denies the allegations in Paragraph 301.

302.   To the extent that Paragraph 302 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.   Mr. Stanleick otherwise denies the allegations in Paragraph 302.

303.   To the extent that Paragraph 303 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.   Mr. Stanleick otherwise denies the allegations in Paragraph 303.

304.   Mr. Stanleick denies the allegations in Paragraph 304.

305.   Mr. Stanleick denies the allegations in Paragraph 305.

306.   The allegations in Paragraph 306 state a legal conclusion to which no response is required.   To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 306.

**4.     Defendants' false statements at September 15, 2022 Investor Day.**

307.   Mr. Stanleick admits that he participated in BeautyHealth's Investor Day conference with analysts in New York, New York on September 15, 2022.   Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 307 and therefore denies those allegations.

308.    To the extent that Paragraph 308 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 308.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

309.    To the extent that Paragraph 309 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 309.

310.    To the extent that Paragraph 310 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 310.

311.    To the extent that Paragraph 311 purports to quote from statements allegedly made at a conference, those statements speak for themselves.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 311 and therefore denies those allegations.

312.    To the extent that Paragraph 312 purports to quote from statements allegedly made at a conference, those statements speak for themselves.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 312 and therefore denies those allegations.

313.    To the extent that Paragraph 313 purports to quote from statements allegedly made at a conference, those statements speak for themselves.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 313 and therefore denies those allegations.

314.    To the extent that Paragraph 314 purports to quote from statements allegedly made at a conference, those statements speak for themselves.  Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 314 and therefore denies those allegations.

315.    Mr. Stanleick denies the allegations in Paragraph 315.

316.    Mr. Stanleick denies the allegations in Paragraph 316.

317.    The allegations in Paragraph 317 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 317.

**5.** **Defendants' false statements associated with the announcement of BeautyHealth's Q3 2022 financial results.**

318. To the extent that Paragraph 318 purports to quote from a Form 8-K, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 318 and therefore denies those allegations.

319. Mr. Stanleick admits that he participated in an earnings call on November 8, 2022. To the extent that Paragraph 319 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 319 and therefore denies those allegations.

320. To the extent that Paragraph 320 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 320 and therefore denies those allegations.

321. To the extent that Paragraph 321 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 321 and therefore denies those allegations.

322. To the extent that Paragraph 322 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 322.

323. To the extent that Paragraph 323 purports to quote from a Form 10-Q, that document speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 323.

324. Mr. Stanleick denies the allegations in Paragraph 324.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

325.   Mr. Stanleick denies the allegations in Paragraph 325.

326.   The allegations in Paragraph 326 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 326.

**6.    Defendants' false statements associated with the announcement of BeautyHealth's Q4 2022 financial results.**

327.   Mr. Stanleick admits that he participated in the Company's earnings call on February 28, 2023.  To the extent that Paragraph 327 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick otherwise denies the allegations in Paragraph 327.

328.   To the extent that Paragraph 328 purports to quote from a document, that document speaks for itself.  Mr. Stanleick otherwise denies the allegations in Paragraph 328.

329.   To the extent that Paragraph 329 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 329 and therefore denies those allegations.

330.   To the extent that Paragraph 330 purports to quote from a document, that document speaks for itself.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 330 and therefore denies those allegations.

331.   To the extent that Paragraph 331 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves.  Mr. Stanleick otherwise denies the allegations in Paragraph 331.

332.   Mr. Stanleick denies the allegations in Paragraph 332.

333.   Mr. Stanleick denies the allegations in Paragraph 333.

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

334. The allegations in Paragraph 334 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 334.

**7.    Defendants' false statements associated with the international launch of Syndeo.**

335. To the extent that Paragraph 335 purports to quote from a press release, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 335 and therefore denies those allegations.

336. To the extent that Paragraph 336 purports to quote from a press release, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 336 and therefore denies those allegations.

337. Mr. Stanleick denies the allegations in Paragraph 337.

338. Mr. Stanleick denies the allegations in Paragraph 338.

339. Mr. Stanleick denies the allegations in Paragraph 339.

340. The allegations in Paragraph 340 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 340.

**8.    Defendants' false statements associated with the announcement of BeautyHealth's Q1 2023 financial results.**

341. To the extent that Paragraph 341 purports to quote from a press release, that document speaks for itself. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 341 and therefore denies those allegations.

342. To the extent that Paragraph 342 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as

to the truth of the remainder of the allegations in Paragraph 342 and therefore denies those allegations.

343. To the extent that Paragraph 343 purports to reference a document, that document speaks for itself. Mr. Stanleick otherwise denies the allegations in Paragraph 343.

344. Mr. Stanleick denies the allegations in Paragraph 344.

345. Mr. Stanleick denies the allegations in Paragraph 345.

346. The allegations in Paragraph 346 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 346.

**9.    Defendants' false statements in May 2023 _Technology of Beauty Podcast_ interview.**

347. Mr. Stanleick admits that he participated in an interview on the _Technology of Beauty Podcast_. To the extent that Paragraph 347 purports to quote from statements allegedly made during that interview, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 347 and therefore denies those allegations.

348. Mr. Stanleick denies the allegations in Paragraph 348.

349. Mr. Stanleick denies the allegations in Paragraph 349.

350. The allegations in Paragraph 350 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 350.

**10.    Defendants' false statements at the June 6, 2023 TD Cown Sustainability Conference.**

351. To the extent that Paragraph 351 purports to quote from statements allegedly made during the TD Cowen Sustainability Conference, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

to form a belief as to the truth of the remainder of the allegations in Paragraph 351 and therefore denies those allegations.

352. To the extent that Paragraph 352 purports to quote from statements allegedly made during the TD Cowen Sustainability Conference script, those statements speak for themselves. Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 352 and therefore denies those allegations.

353. Mr. Stanleick denies the allegations in Paragraph 353.

354. Mr. Stanleick denies the allegations in Paragraph 354.

355. The allegations in Paragraph 355 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 355.

### VII. ADDITIONAL ALLEGATIONS OF DEFENDANTS' SCIENTER

356. Mr. Stanleick denies the allegations in Paragraph 356.

357. Mr. Stanleick denies the allegations in the first sentence of Paragraph 357. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 107, 113, 123, 144 through 146, 174, 228 through 230, 147 through 151, 100, 196 through 200, and 137. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 357 and therefore denies those allegations.

358. Mr. Stanleick denies the allegations in the first and second sentences in Paragraph 358. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 88, 89, 112, 115 through 116, and 228 through 230. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 358 and therefore denies those allegations.

359. Mr. Stanleick denies the allegations in the first sentence of Paragraph 359. Mr. Stanleick also repeats and incorporates by reference each response set forth above

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

in Paragraphs 119 through 124 and 126 through 127. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 359 and therefore denies those allegations.

360. Mr. Stanleick denies the allegations in the first and sixth sentences of Paragraph 360. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the allegations in the second, third, fourth, and fifth sentences in Paragraph 360 and therefore denies those allegations. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 147 through 151.

361. Mr. Stanleick denies the allegations in Paragraph 361.

362. Mr. Stanleick denies the allegations in the first, fifth, and sixth sentences of Paragraph 362. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 241 through 246 and 248. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 362 and therefore denies those allegations.

363. Mr. Stanleick admits the allegations in the first and second sentences of Paragraph 363. To the extent that Paragraph 363 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 259, 261, 243, 263, and 260. Mr. Stanleick otherwise denies the allegations in Paragraph 363.

364. Mr. Stanleick denies the allegations in the first and sixth sentences in Paragraph 364. To the extent that Paragraph 364 purports to quote from statements allegedly made on an earnings call, those statements speak for themselves. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 262 and 167. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 364 and therefore denies those allegations.

365. Mr. Stanleick denies the allegations Paragraph 365.

48
ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

366. Mr. Stanleick denies the allegations in Paragraph 366.

367. Mr. Stanleick denies the allegations in the first, second, third, fifth, and sixth sentences of Paragraph 367. To the extent that Paragraph 367 purports to quote from a document, that document speaks for itself. Mr. Stanleick also repeats and incorporates by reference each response set forth above in Paragraphs 112 and 196 through 200. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 367 and therefore denies those allegations.

368. Mr. Stanleick denies the allegations in Paragraph 368.

## VIII.  **LOSS CAUSATION**

369. Mr. Stanleick denies the allegations in Paragraph 369.

370. Mr. Stanleick admits the allegations in the fourth sentence of Paragraph 370. To the extent that Paragraph 370 purports to quote from a document, that document speaks for itself. Mr. Stanleick is without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 370 and therefore denies those allegations.

371. Mr. Stanleick denies the allegations in Paragraph 371.

372. Mr. Stanleick denies the allegations in Paragraph 372.

373. Mr. Stanleick denies the allegations in Paragraph 373.

## IX.   **NO SAFE HARBOR**

374. The allegations in Paragraph 374 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 374.

375. The allegations in the first sentence of Paragraph 375 state a legal conclusion to which no response is required. To the extent a response is required, Mr. Stanleick denies the allegations in the first sentence of Paragraph 375. Mr. Stanleick denies the allegations in the second and third sentences of Paragraph 375.

## X.   THE PRESUMPTION OF RELIANCE

376.   The allegations in Paragraph 376 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 376.

377.   The allegations in Paragraph 377 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 377.

378.   The allegations in Paragraph 378 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 378.

## XI.   CLASS ALLEGATIONS

379.   The allegations in Paragraph 379 consist of a characterization of Lead Plaintiffs' claims in this action to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 379.

380.   The allegations in the first sentence of Paragraph 380 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in the first sentence of Paragraph 380.  Mr. Stanleick is otherwise without sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in Paragraph 380 and therefore denies those allegations.

381.   The allegations in Paragraph 381 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 381.

382.   The allegations in Paragraph 382 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 382.

383.   The allegations in Paragraph 383 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 383.

384.   The allegations in Paragraph 384 state a legal conclusion to which no response is required.  To the extent a response is required, Mr. Stanleick denies the allegations in Paragraph 384.

## XII.   CLAIMS BROUGHT PURSUANT TO SECTIONS 10(B) AND 20(A) OF THE EXCHANGE ACT

### COUNT I

**FOR VIOLATIONS OF SECTION 10(B) OF THE EXCHANGE ACT AND SEC RULE 10B-5 PROMULGATED THEREUNDER**
**(Against All Defendants)**

385.   Mr. Stanleick repeats and incorporates by reference each response set forth above as if set forth fully herein.

386.   Mr. Stanleick denies the allegations in Paragraph 386.

387.   Mr. Stanleick denies the allegations in Paragraph 387.

388.   Mr. Stanleick denies the allegations in Paragraph 388.

389.   Mr. Stanleick denies the allegations in Paragraph 389.

390.   Mr. Stanleick denies the allegations in Paragraph 390.

391.   Mr. Stanleick denies the allegations in Paragraph 391.

392.   Mr. Stanleick denies the allegations in Paragraph 392.

393.   Mr. Stanleick denies the allegations in Paragraph 393.

394.   Mr. Stanleick denies the allegations in Paragraph 394.

395.   Mr. Stanleick denies the allegations in Paragraph 395.

### COUNT II

**FOR VIOLATIONS OF SECTION 20(A) OF THE EXCHANGE ACT**
**(Against the Individual Defendants)**

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

396.   Mr. Stanleick repeats and incorporates by reference each response set forth above as if set forth fully herein.

397.   Mr. Stanleick denies the allegations in Paragraph 397.

398.   Mr. Stanleick denies the allegations in Paragraph 398.

399.   Mr. Stanleick denies the allegations in Paragraph 399.

## RESERVATION OF RIGHTS

Mr. Stanleick denies any allegations not specifically admitted above, and reserves the right to amend or supplement his Answer.

## JURY TRIAL DEMAND

Mr. Stanleick requests a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Mr. Stanleick asserts the following affirmative defenses, without assuming any burden of proof or persuasion that would otherwise remain with Lead Plaintiffs.

## FIRST AFFIRMATIVE DEFENSE

Lead Plaintiffs' purported claims are barred in whole or in part because the SAC fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Lead Plaintiffs' purported claims are barred in whole or in part because Mr. Stanleick did not make any false or misleading statements of material fact and did not omit any material facts that were necessary in order to make the alleged statements not false or misleading.

## THIRD AFFIRMATIVE DEFENSE

Lead Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on public statements not attributable to Mr. Stanleick.

## FOURTH AFFIRMATIVE DEFENSE

Lead Plaintiffs' purported claims are barred in whole or in part because any alleged misrepresentations were not material as a matter of law.

**FIFTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part because Lead Plaintiffs and the purported class members did not actually, justifiably, reasonably, or otherwise rely on the alleged misstatements or on any disclosures allegedly rendered materially false or misleading as a result of any alleged omission.

**SIXTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part to the extent the documents or statements at issue are subject to the Private Securities Litigation Reform Act Safe Harbor, 15 U.S.C. §§ 78u-5, *et seq.*, or bespeaks caution doctrines.

**SEVENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part because Mr. Stanleick relied in good faith on professionals, experts, and other third parties.

**EIGHTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims and those of the putative class are barred in whole or in part because Mr. Stanleick acted in good faith and did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

**NINTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims and those of the putative class are barred because Mr. Stanleick had no duty of disclosure with respect to certain alleged misrepresentations or omissions.

**TENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part because Mr. Stanleick did not act with the requisite scienter.

**ELEVENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part because any loss allegedly incurred by Lead Plaintiffs and the purported class members was not directly or proximately caused by the alleged misstatements and/or omissions alleged in the SAC or any other alleged violations of law.

**TWELFTH AFFIRMATIVE DEFENSE**

To the extent Defendants failed to disclose material information, which Mr. Stanleick denies, the "truth-on-the-market" doctrine precludes Lead Plaintiffs' claims because the information at issue was disclosed by Defendants or was credibly made available to the market by other sources.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Lead Plaintiff's purported claims and those of the putative class are barred because they are the result of intervening and superseding causes, over which Mr. Stanleick had no control and for which he is not liable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Lead Plaintiff's purported claims and those of the putative class are barred in whole or in part by the doctrines of assumption of the risk, estoppel, laches, waiver, ratification, and/or acquiescence.

**FIFTHTEENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims are barred in whole or in part because the alleged damages, if any, are speculative and the determination and allocation of any alleged damages is impossible.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' claims are barred in whole or in part because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Lead Plaintiffs' purported claims and those of the putative class are barred in whole or in part because Lead Plaintiffs and members of the purported class failed to act reasonably to mitigate their damages, if any.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Under the principles of contribution and indemnity, persons or entities other than Mr. Stanleick are wholly or partially responsible for the purported damages, if any, that

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT

Lead Plaintiffs and members of the purported class may have sustained.

### NINETEENTH AFFIRMATIVE DEFENSE

Lead Plaintiffs' purported claims and those of the putative class are barred in whole or in part because Lead Plaintiffs and members of the purported class lack standing to asset their claims against Mr. Stanleick.

\* \* \* \* \*

Additional facts that are currently unknown to Mr. Stanleick may be revealed through the course of discovery and further investigation that will support additional defenses. Mr. Stanleick reserves the right to assert such defenses in the future.

### PRAYER FOR RELIEF

**WHEREFORE**, Mr. Stanleick respectfully requests that this Court dismiss the SAC against him with prejudice, that he be awarded all costs and fees expended on his behalf, including attorneys' fees and other expenses, and that he be afforded such other and further relief that the Court may deem just and proper.

DATED: November 24, 2025

**ALSTON & BIRD LLP**

*/s/ Charles W. Cox*

Charles W. Cox
Attorney for Defendant Andrew Stanleick

ANSWER TO CONSOLIDATED SECOND AMENDED CLASS ACTION COMPLAINT