Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

*Attorneys for Lead Plaintiffs Priscilla Dijkgraaf and Martijn Dijkgraaf*

[Additional attorneys listed on signature page]

Kasey J. Curtis (SBN 268173)
kcurtis@reedsmith.com
Charles P. Hyun (SBN 307817)
Email: chyun@reedsmith.com
Katherine P. Goetz (SBN 346205)
kgoetz@reedsmith.com
REED SMITH LLP
515 South Flower Street, Suite 4300
Los Angeles, CA 90067-6078
Telephone: (310) 734-5200
Facsimile:  (310) 734-5299

Brian M. Rostocki (*pro hac vice*)
Email: brostocki@reedsmith.com
REED SMITH LLP
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendant The Beauty Health Company*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULADHIM A. ALGHAZWI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>THE BEAUTY HEALTH COMPANY, ANDREW STANLEICK, and LIYUAN WOO,<br><br>Defendants. | Case No.: 2:23-cv-09733-SPG-MAA<br><br>**JOINT STIPULATED PROTECTIVE ORDER**<br><br>District Court Judge: Hon. Sherilyn Peace Garnett<br>Magistrate Judge: Hon. Maria A. Audero |

## 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, Lead Plaintiffs Priscilla Dijkgraaf and Martijn Dijkgraaf, on the one hand, and Defendants The Beauty Health Company, Andrew Stanleick, and Liyuan Woo, on the other (collectively, the Parties, and individually, a Party) hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and Section C.5. of the Court's Standing Order for Newly Assigned Civil Cases set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.    GOOD CAUSE STATEMENT

This action is likely to involve commercially sensitive marketing, financial, sales, research and development, technical data or information, trade secrets, customer and pricing lists and other valuable proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be

– 1 –

privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.    DEFINITIONS**

3.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3.3    Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.4    Designated In-House Counsel: In-house Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

3.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among

– 2 –
JOINT STIPULATED PROTECTIVE ORDER

other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3.7   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

3.8   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential" information or items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm to the Designating Party and/or Non-Parties that could not be avoided by less restrictive means, including, but not limited to: (i) extremely sensitive marketing, financial, sales, research and development, or technical data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information relating to future business/strategic plans, sales and financial projections, product development and design, and future sales and financial projections; (iv) trade secret, or other confidential research and development information; (v) commercial agreements, confidential settlement agreements, or confidential settlement communications, the disclosure of which the Designating Party in a good faith believes is likely to cause substantial harm to the Producing Party; and (vi) personally identifiable information ("PII") of Lead Plaintiffs and Non-Parties.

3.9   In-House Counsel: attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11   Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a party to this action and have appeared

– 3 –
JOINT STIPULATED PROTECTIVE ORDER

in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

3.12  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13  Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

3.14  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15  Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.16  Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

– 4 –

JOINT STIPULATED PROTECTIVE ORDER

obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

## 5.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

– 5 –
JOINT STIPULATED PROTECTIVE ORDER

6.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 6.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings) produced as PDF or TIFF/JPEG images, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. For documents produced in native format, the Producing Party shall append "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to the filename.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

– 6 –
JOINT STIPULATED PROTECTIVE ORDER

markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise

– 7 –

agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

6.3    Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process, which shall comply with Civil Local Rule 37.1 et seq., and with Section 4 of Magistrate Judge Maria A. Audero's Procedures ("Mandatory Telephonic Conference for Discovery Dispute").

7.3.    Burden of Persuasion. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

– 8 –

JOINT STIPULATED PROTECTIVE ORDER

other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

8.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    Experts (as defined in this Order) of the Receiving Party, including the Experts' employees, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

– 9 –

JOINT STIPULATED PROTECTIVE ORDER

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     during his or her deposition, a witness in the action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant The Beauty Health Company, then the deposing Party and their attorneys shall request that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or request the witness agree on the record to abide by the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Designated In-House Counsel of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

– 10 –

JOINT STIPULATED PROTECTIVE ORDER

(c)     Experts (as defined in this Order) of the Receiving Party, including the Experts' employees, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     mediators or other alternative dispute resolution neutrals (including their employees, agents, and contractors) to whom disclosure is reasonably necessary to their involvement in this litigation;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     during his or her deposition, a witness in the action to whom disclosure is reasonably necessary for this litigation; provided that if the witness is not a current employee of Defendant The Beauty Health Company, then the deposing Party and their attorneys shall request that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) or request the witness agree on the record to abide by the "Acknowledgement and Agreement to Be Bound" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

JOINT STIPULATED PROTECTIVE ORDER

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Receiving Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the

JOINT STIPULATED PROTECTIVE ORDER

Receiving Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Receiving Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

JOINT STIPULATED PROTECTIVE ORDER

**12.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d), in the event that Discovery Material that is subject to a claim of attorney-client privilege, attorney work product protection, or any other immunity or protection from discovery is inadvertently produced, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product protection, or other immunity or protection for such Discovery Material or other information.

When a Producing Party gives notice to the Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

**13.  MISCELLANEOUS**

13.1 <u>Right to Further Relief.</u> Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

13.3 <u>Filing Protected Material.</u> A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

JOINT STIPULATED PROTECTIVE ORDER

13.4 <u>Use of Generative AI.</u>  Absent a written agreement to the contrary, and in addition to any other confidentiality obligations set forth in this Order, a Receiving Party shall not (a) import, upload, or otherwise input any Disclosure or Discovery Material into Generative Artificial Intelligence technology ("GenAI Tool") that is unlicensed or publicly available or any other technology tool that does not protect the confidentiality of the produced data, or (b) use any Disclosure or Discovery Material to train, fine-tune, or otherwise modify any large language model (whether public or private), including any GenAI Tool. If a Receiving Party wishes to use any GenAI Tool to review, analyze, or otherwise process Disclosure or Discovery Material, the Receiving Party shall first provide notice to the Producing Party, in writing, of the specific GenAI Tool, including the version and the entity responsible for its development, and a general description of the Disclosure or Discovery Material the Receiving Party wishes to process through the GenAI Tool.  Upon such notice, and at the request of any Party, the Parties shall meet and confer in good faith to discuss and establish protocols for ensuring the confidentiality and security of the Producing Party's information in connection with the use of the GenAI Tool.  Nothing in this section shall limit or restrict a Party's right to use a GenAI Tool with respect to its own information.

**14.   FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 5, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of

– 15 –

the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: January 20, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

**REED SMITH**

By: */s/ Lucas E. Gilmore*
Reed R. Kathrein (SBN 139304)
Email: reed@hbsslaw.com
Lucas E. Gilmore (SBN 250893)
Email: lucasg@hbsslaw.com
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001

Christopher R. Pitoun (SBN 290235)
Email: christopherp@hbsslaw.com
301 N. Lake Ave., Suite 920
Pasadena, CA 91101
Telephone: (213) 330-7150
Facsimile: (213) 330-7152

Peter A. Shaeffer (pro hac vice)
Email: petersh@hbsslaw.com
455 North Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
Facsimile: (708) 628-4950

*Attorneys for Lead Plaintiffs Priscilla Dijkgraaf and Martijn Dijkgraaf*

By: */s/ Charles P. Hyun*
Charles P. Hyun (SBN 307817)
Email: chyun@reedsmith.com
Kasey J. Curtis (SBN 268173)
kcurtis@reedsmith.com
Katherine P. Goetz (SBN 346205)
kgoetz@reedsmith.com
515 South Flower Street, Suite 4300
Los Angeles, CA 90067-6078
Telephone: (310) 734-5200
Facsimile: (310) 734-5299

John C. Scalzo (*pro hac vice*)
Email: jscalzo@reedsmith.com
Zachary B. Kaye (*pro hac vice*)
Email: zkaye@reedsmith.com
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450

Brian M. Rostocki (*pro hac vice*)
Email: brostocki@reedsmith.com
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

*Attorneys for Defendant The Beauty Health Company*

JOINT STIPULATED PROTECTIVE ORDER

**HECKER FINK LLP**

By: /s/ *Jenna M. Dabbs*
Jenna M. Dabbs (*pro hac vice*)
Email: jdabbs@heckerfink.com
Damaris Hernandez (*pro hac vice*)
Email: dhernandez@heckerfink.com
Hyatt Mustefa (*pro hac vice*)
Email: hmustefa@heckerfink.Com
Tayonna S. Ngutter (*pro hac vice*)
Email: tngutter@heckerfink.com
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883

Matthew J. Craig (SBN 350030)
Email: mcraig@heckerfink.com
1150 South Olive Street, Suite 10-140
Los Angeles, CA 90015
Telephone: (929) 294-2542

*Attorneys for Defendant Liyuan Woo*

**ALSTON & BIRD LLP**

By: /s/ *Christopher J. Borchert*
Christopher J. Borchert (*pro hac vice*)
Email: christopher.borchert@alston.com
Joanna C. Hendon (*pro hac vice*)
Email: joanna.hendon@alston.com
Annie E. Sher (*pro hac vice*)
Email: annie.sher@alston.com
90 Park Avenue
New York, NY 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444

Charles W. Cox (SBN 162854)
Email: charles.cox@alston.com
1900 Ave of the Stars, Suite 450
Los Angeles, CA 90067
Telephone: (310) 474-5488
Facsimile: (310) 474-3870

*Attorneys for Defendant Andrew Stanleick*

## ORDER

Pursuant to the foregoing, **IT IS SO ORDERED**.

Dated this 20th day of January , 2026.

_____
Honorable Maria A. Audero
United States Magistrate Judge

– 17 –
JOINT STIPULATED PROTECTIVE ORDER

*Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Lucas E. Gilmore, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

DATED: January 20, 2026

By: /s/ Lucas E. Gilmore
Lucas E. Gilmore

– 18 –
JOINT STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, [print or type full name], acknowledge and declare that I have received a copy of the Joint Stipulated Protective Order ("Order") in Alghazwi v. The Beauty Health Company, et al., United States District Court for the Central District of California, Case No. 2:23-cv-09733-SPG-MAA. Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description:_____

_____

_____

Name of Company or Firm:_____

Address:_____

Dated:_____

Signature: _____

JOINT STIPULATED PROTECTIVE ORDER